## LAMSON & GOODNOW MANUFACTURING COMPANY *vs.* CHARLES W. RUSSELL.

A corporation can maintain an action upon a written contract, throughout the body of which it is mentioned as one of the contracting parties, the contract having been accepted by the other contracting party and acted upon by both as valid, although the contract is signed by the agents of the corporation in their own names only, without words to designate that they signed as agents.

The waiver of a condition in a contract, upon the performance of which a payment is to be made, does not amount to the substitution of another contract, and in an action to recover the stipulated payment the declaration is rightly framed upon the contract as originally made, alleging the waiver, instead of the performance of the condition.

In an action for the breach of a contract, the defendant cannot rely upon the plaintiff's breach of an independent stipulation of the contract in reduction of damages, without alleging such breach in his answer.

CONTRACT. The declaration was as follows:

" And the plaintiff says that the plaintiff and the defendant, under the name of J. Russell & Co., made a contract, a copy whereof is hereto annexed. And the plaintiff says that all of the conditions, covenants and agreements in said contract made on the part of the plaintiff have been faithfully observed and performed, or expressly waived by the defendant. But the defendant has not, though often requested so to do, paid to the plaintiff annually the sum of three thousand dollars in quarterly instalments, as in the fifth article of said agreement he agreed to do. But after paying the first and second quarterly instalments of seven hundred and fifty dollars each, has neglected and refused, and still neglects and refuses to pay anything more or further

under and pursuant to his promise made in said contract. So that the defendant now owes the plaintiff the sum of five thousand two hundred and fifty dollars on said contract, it being the amount of seven instalments which he agreed to. pay the plaintiff, as in said contract is set forth, and also interest on the same since the time when they respectively became due and payable."

The following is the copy of the contract annexed to the declaration :

" Agreement made and entered into this first day of December, one thousand eight hundred and sixty-nine, between the Lamson & Goodnow Manufacturing Company of the State of Massachusetts, of the first part, and J. Russell & Co., merchants, of No. 83 Beekman Street, in the city of New York, of the other part.

" Whereas, on the sixth day of March, A. D. 1860, letters patent of the United States were granted to Joseph W. Gardner of Shelburne Falls, Mass., for an improvement in table cutlery, and are numbered 27,357, and said letters patent were on the 29th day of July, 1863, assigned and transferred by the said Gardner to the party of the first part hereto for and during the unexpired term of said patent; and whereas, a suit in equity is now pending in which the party of the first part is complainant and John Russell and others are defendants, to restrain the defendants from an alleged infringement of said patent, and for an account and for other relief. And whereas, the parties of the second part hereto are desirous of obtaining the right to make, use and sell the said patented improvement upon certain terms and conditions. Now therefore this agreement witnesseth that for and in consideration of the mutual covenants hereinafter contained the parties hereto do covenant and agree as follows :

" First. The party of the first part hereby gives and grants to the parties of the second part the full right, liberty and license to make, use and vend the invention and improvement secured by the said letters patent, and to cause the same to be constructed and manufactured at the manufactory and cutlery works of the John Russell Manufacturing Company at Greenfield or Turner's Falls, Mass., and not elsewhere, for and during the unexpired term of the said patent.

Lamson & Goodnow Manufacturing Company *v.* Russell.

" Second.  The party of the first part shall not give or grant to any other person or persons nor to any corporation or company the right or license to make, use or vend the said patented invention, and shall not assign or transfer any interest in the said patent to any other person or persons, corporation or company, without the consent in writing of the parties of the second part shall have been first obtained to the granting of such license or the making of such transfer and assignment.  And shall not license or grant the right or give permission to any person or persons, corporation or company, to import cutlery containing the said patented improvement into the United States for sale or use therein.

" Third.  The party of the first part will proceed with all reasonable diligence to restrain and enjoin, by proper legal proceedings in court of competent jurisdiction, the manufacture and sale and importation of cutlery containing said patented invention and improvement by all persons and parties not licensed by the party of the first part, with the consent of the parties of the second part.

" Fourth.  The suit pending as aforesaid against John Russell and others, defendants, shall be discontinued, and said defendants and each of them forever released and discharged of and from any and all liabilities at law and in equity to the party of the first part, complainants in said suit, by reason or on account of any alleged infringement of said letters patent or any matter or thing alleged against them, the said defendants in the bill of complaint in said suit.

" Fifth.  The parties of the second part shall pay to the party of the first part annually from the date of these presents, during the unexpired term of said patent, the sum of three thousand dollars, in equal quarterly payments of seven hundred and fifty dollars each ; but none of such payments shall be made until after the said patent shall have been declared valid by the decision of a court of competent jurisdiction in an action brought by the party of the first part to restrain and prevent the infringement and violation thereof.

" Sixth.  The parties of the second part shall render all assistance in their power to the party of the first part in such proceed-

ings as may be taken to restrain and prohibit the manufacture and importation of cutlery by unlicensed persons or parties, but the expense of such proceedings shall be defrayed by the party of the first part.

"Seventh. It is mutually agreed that the restriction contained in the second clause of this agreement shall not prevent or prohibit the party of the first part from assigning or transferring the whole of the said patent without the consent of the parties of the second part.

"Eighth. It is further and finally agreed by the parties hereto that the covenants, conditions and agreements herein contained shall apply to and bind the legal representatives, successors and assigns of the respective parties.

"In witness whereof the party of the first part has caused its corporate seal to be hereunto affixed, and the same to be signed by its . And the parties of the second part have hereto set their hands and seals. "J. W. Gardner.

"Luther C. White.

"J. Russell & Co."

The defendant in his answer denied all the allegations in the plaintiff's declaration, and denied that all or any of the conditions, covenants and agreements in the contract made on the part of the plaintiff had been faithfully observed and performed, or had been waived by the defendant, and denied any indebtedness. He alleged that the plaintiffs had neglected and refused to perform their part of the contract, and especially that they had not with reasonable diligence proceeded to restrain or enjoin by legal proceedings the manufacture and sale and the importation of cutlery containing the patented invention, and that they had never caused the patent to be declared valid by the decision of any court. He admitted that he had paid two instalments, but said that he was induced to do so by the representations of the plaintiffs that they were going to perform the stipulations of their agreement, and under the belief that those representations were made in good faith, and he denied that he ever waived the performance of any part of the contract except in a qualified way which would not exonerate the plaintiffs. And he alleged that the consideration of the contract had wholly failed.

At the trial in the Superior Court, before *Allen*, J., the plaintiffs offered in evidence the contract declared on. The defendant objected that it did not purport to be executed by or in behalf of the plaintiffs. Against the objection of the defendant, J. W. Gardner and Luther C. White, whose names appeared signed to the contract, were permitted to testify that they signed it, and that in so doing they were acting for the plaintiffs. The plaintiffs further introduced evidence tending to prove that, from the date of the contract to the commencement of the action, the contract was recognized and treated by both parties as valid and binding upon the plaintiffs as well as upon the defendant.

The plaintiffs put in evidence the following letter from the defendant : " New York, January 26th, 1870. Mr. Jas. Gardner. Dear Sir : As our agreement for the use of your patent of 1860 makes our payment contingent upon a court decree being issued in our case, we hereby give you notice that we waive that contingency and pay our agreed price when we confine the use of the patent to the licensed parties. If this should not be satisfactory, we will sign further papers. Yours, J. Russell & Co."

There was evidence that there were two parties besides the defendant licensed at the date of the letter, and that one or two more were subsequently licensed with the consent of the defendant. There was no evidence that the plaintiffs had procured any decree of court, but they introduced evidence tending to show that between the making of the contract and the commencement of this action there had been no material infringement of the patent ; that they had used all reasonable diligence to restrict the use of the patent to licensed parties ; that suits were commenced against parties infringing the patent, and prosecuted until they had abandoned its use ; that the plaintiffs conferred with the defendant in reference to the measures to be adopted in confining the use of the patent to licensed parties ; that they commenced suits whenever notified by the defendant of infringements, and did all that the defendant requested to be done ; and that the defendant made no objection that the use of the patent was not restricted to his satisfaction.

The defendant denied all this, and introduced evidence tending to prove that the use of the patent was never confined to licensed parties, but that a number of manufacturers and importers continued to manufacture and sell the patented article after January 26, 1870, as they had done before, and were not prosecuted or interfered with by the plaintiffs; that the suits brought by the plaintiffs were settled by the payment to them of inadequate sums as damages, and the parties sued continued to make and vend the patented articles after such settlements till the time of the trial, as they had done before; that the market was supplied with the articles from such sources; that the defendant complained to the plaintiffs of this non-performance of the contract, and refused to pay after the second payment, because of it; that the plaintiffs, without the knowledge of the defendant, granted to the Bay State Manufacturing Company of Northampton, as one of the terms of settlement of a suit against them, the right to vend the article patented so far as they had the same manufactured and on hand at the time of the settlement.

The defendant asked the court to rule that there was no competent evidence that the plaintiffs executed the contract, and that the evidence was not competent and sufficient to prove a performance of the contract by the plaintiffs, or a waiver of such performance by the defendant. The court declined so to rule, but instructed the jury that if, down to the time of the commencement of the action, the contract was recognized and treated by both parties as valid and binding on both, and the defendant enjoyed the benefits granted to him by it, and the plaintiffs performed it on their part, then, so far as performance was necessary to maintain the action, the defendant might be liable in this action, notwithstanding the form of the contract.

The court instructed the jury that the plaintiffs must prove performance of the condition of the letter of July 26, by the actual restriction of the use of the patent to licensed parties, or by acquiescence by the defendant in the plaintiffs' performance, and a waiver of the condition so far as not performed. The instructions on this point were not objected to. The court further against the objection of the defendant, instructed the jury that if

the defendant so waived the full performance of the contract, and acquiesced in the plaintiffs' non-performance for a time, but afterwards, before the commencement of the action, objected that the plaintiffs did not perform, that would be sufficient proof of performance to entitle the plaintiffs to recover for such payments as became due before such objection and while the defendant continued such waiver and acquiescence.

In the course of the trial the defendant claimed that the condition of his promise to pay money had failed, and that the damage he had sustained by breach of the contract on the part of the plaintiffs should go in reduction of the damages which the plaintiffs might recover, and offered evidence to prove the damages sustained by him; but the court ruled that, on the pleadings, damage sustained by the defendant by breach of any provision of the contract to be performed by the plaintiffs could not be applied in reduction of any damage which the plaintiffs were entitled to recover in this action, and excluded the evidence.

The jury found for the plaintiffs in $4000 damages, and the defendant alleged exceptions.

*D. Aiken,* for the defendant.

*S. T. Field,* for the plaintiffs.

MORTON, J.   The contract declared on purports to be a contract between the plaintiffs and the defendant.   Throughout the body of the instrument, the plaintiffs are described as the contracting party of the first part.   It was accepted and acted upon by both parties as the contract of the plaintiffs.   Though the agents of the plaintiffs, who executed it, did not attach to their signature the word "agents," or other word indicating that they signed it in a representative capacity, yet the plaintiffs are bound by it, and may maintain a suit upon it, as their contract.   The ruling of the Superior Court to this effect was correct.

The ground taken by the defendant, that there was a variance between the allegations and the proofs, cannot be sustained.   His argument is, that by the letter of January 26, 1870, a new contract was substituted in the place of the original written contract. But such was not the effect of the letter.   The original contract provided that the plaintiffs should use reasonable diligence to

restrain unlicensed parties from the manufacture and sale of cutlery containing the patentee's improvement, and that no payment should be due from the defendant until the patent should have been declared valid by the decision of a court of competent jurisdiction. The only effect of the letter is to waive the last named condition. It does not annex any new condition to the existing contract. It waives one condition and notifies the plaintiffs that the defendant will insist upon the performance of the other. The plaintiffs properly declared upon the written contract, alleging a waiver instead of the performance of this condition.

The only other question is as to the ruling of the court that, under the pleadings, "damages sustained by the defendant by breach of any provision of the contract to be performed by the plaintiffs could not be applied in reduction of any damages which the plaintiffs were entitled to recover in this action." This ruling was correct. So far as the stipulations of the contract to be performed by the plaintiffs were conditions precedent to their right of recovery, the verdict of the jury establishes that they were performed by the plaintiffs, or that the defendant waived their performance. If the defendant intended to rely upon the fact that the plaintiffs had broken any other of the stipulations, to his damage, he should have alleged it in his answer. It is a substantive fact in avoidance of the action, which, not being set forth in clear and precise terms, is not open under his answer.

*Exceptions overruled.*