HENRY N. CLARK & another *vs.* WILLIAM A. GORDON.

Suffolk. November 14. — 21, 1876. AMES & LORD, JJ., absent.

A lease, purporting to be between the plaintiffs as lessors and a corporation as lessee, was executed by the plaintiffs and the defendant, without any words to indicate in whose behalf the latter signed it, or in what capacity. The corporation accepted the lease and entered upon and occupied the demised premises. Subsequently the defendant signed a guaranty to secure the payment of rent and taxes under the lease and the performance of the covenants contained in it. *Held,* that he was liable on his guaranty for rent and taxes due from the corporation.

CONTRACT. The declaration alleged that the plaintiffs demised a certain estate to the Cumberland Stone Company, by deed, a copy of which was annexed and is printed in the mar

**gin;** * that said deed was executed by said Cumberland Stone

---

* "Boston, Oct. 1, 1873.

" An agreement made this day by and between Clark & Leatherbee, of the first part, and the Cumberland Stone Company, of the second part, both parties doing business in Boston, County of Suffolk and State of Massachusetts, —

" Whereby the said Clark & Leatherbee agree to lease to the Cumberland Stone Company about thirty-six thousand (36,000) feet of the northeasterly half of S. S. Rowe's Wharf, north from the part now occupied by Howard Snelling & Co., with the buildings thereon, consisting of one stable, thirty-two feet by seventy feet, story and a half high, and a two-story stable, twenty feet by twenty feet, with stable for one horse connected; and also one shed, thirty feet by sixty feet, on Albany Street, foot of Dedham Street, for the term of two years and six months from and including the first day of October, eighteen hundred and seventy-three, the said Cumberland Stone Company paying rent therefor at the rate of three thousand dollars per year, to be paid in equal quarterly instalments of seven hundred and fifty ($750) dollars, the first payment to be made on the first day of January, eighteen hundred and seventy-four, and so on to the legal termination of this lease; and the said Cumberland Stone Company agree to pay, or cause to be paid, to the said Clark & Leatherbee, or their assigns, the said rent in manner aforesaid; and the said Cumberland Stone Company further agree to pay all the taxes, and shall not make or suffer any waste, and will keep all and singular the said premises in such repair and order as the same are now in, reasonable wear excepted, as the same are now in, at the commencement of this lease, and at the end of said term will peaceably deliver them up to the said Clark & Leatherbee, or their assigns, in such repair and order as aforesaid, except in case of fire; it being further understood that the said Cumberland Stone Company shall keep the property insured in some office satisfactory to the said Clark & Leatherbee, to the amount of not less than twenty-eight hundred ($2800) dollars, payable in case of fire to the said Sewall S. Rowe.

" Provided always, and these presents are upon this condition, that in case of a breach of any of the covenants to be observed on the part of the lessees, or in case the estate hereby created shall be taken from the lessees or their representatives by process of law, by proceedings in bankruptcy or insolvency, or otherwise, the lessors, or their heirs or assigns, may, while the default or neglect continues, or at any time after such taking by process of law, and notwithstanding any license or waiver of any prior breach of condition, without any notice or demand, enter upon the premises and thereby determine the estate created; and may thereupon expel and remove, forcibly if necessary, the lessees and those claiming under them and their effects.

" In testimony whereof we have hereunto set our hands and seals this first day of October, A. D. 1873.

" Witness: A. C. Hansen.　　　　" Wm. A. Gordon.　　[Seal.]

　　　　　　　　　　　　　　" Clark & Leatherbee. [Seal.] "

Company, being a corporation, by its president, the defendant, was accepted by said Cumberland Stone Company, and, in pursuance thereof, said Cumberland Stone Company entered into and are still in the possession of said estate ; that, in consideration of the demise, the Cumberland Stone Company agreed to pay the rent reserved in said deed, and the taxes on the estate ; that said company failed to pay the same, and they were still due ; that the defendant agreed, for a good consideration, in writing, undei seal, to guarantee to the plaintiffs the payment of said rent and taxes, in and by the following instrument: " In consideration of one dollar to me paid by the within named Clark & Leatherbee, I hereby guarantee to them and their assigns the payment of rent and taxes as stipulated for in the within lease, and the performance of all the agreements and covenants contained in the within lease.   Witness my hand and seal this eighth day of October, 1873.   W. A. Gordon. [Seal.] "

The declaration then set forth an account in detail of the rent and taxes due, alleged demand on the Cumberland Stone Company, and notice of the non-payment thereof to the defendant, and that the defendant owed the plaintiffs the several sums set forth.

The defendant demurred, on the ground that the declaration did not state any cause of action against the defendant ; and " the defendant, for specification of the particulars in which said defects exist, says that the copy of the alleged lease as set forth in said declaration does not show that such lease was ever signed or executed by the Cumberland Stone Company, the alleged lessee, or by any person for or in behalf of said company. And so it does not appear by the plaintiff's declaration that there was any existing covenant, contract or liability, to or upon which the alleged guaranty of the defendant applied or took effect."

In the Superior Court, the demurrer was overruled, judgment was entered for the plaintiffs ; and the defendant appealed.

*G. H. Kingsbury*, for the defendant.

*A. Hemenway*, for the plaintiffs, was not called upon.

ENDICOTT, J.   The agreement purports to be a lease, entered into by the plaintiffs and the Cumberland Stone Company, wherein the plaintiffs are the lessors and the company the lessee.

It is executed by the plaintiffs and by William A. Gordon, the defendant. There are no words to indicate in what capacity or in whose behalf Gordon signed it. But the declaration alleges that the company accepted it, and entered at once into occupation of the premises described in the lease, and continued in occupation under the lease at the date of the writ. These allegations are admitted by the demurrer.

Whatever may have been the defects in the original execution of the lease, the company, having treated it as a contract between the plaintiffs and itself, by entering upon and occupying the premises, was bound by its provisions, and became liable to pay the rent and taxes therein stipulated. *Lamson & Goodnow Manuf. Co.* v. *Russell*, 112 Mass. 387. The guaranty, therefore, by the defendant, signed soon after the execution of the lease, related to a valid contract subsisting between the parties, and this action may be maintained against him for the rent and taxes due from the company.

The demurrer does not raise any question as to the due execution of the lease by the plaintiffs, and that question is not open to the defendant. *Judgment affirmed.*