WILLIAM CARROLL & another *vs.* ST. JOHN'S CATHOLIC TOTAL ABSTINENCE AND MUTUAL RELIEF SOCIETY.

Bristol.   Oct. 24.— Nov. 11, 1878.   ENDICOTT & LORD, JJ., absent.

A lease, purporting to be between A. as lessor and a corporation as lessee, was executed by A. and by B. and C., with no words to indicate in whose behalf the two latter signed it or in what capacity. B. and C. were the majority of a committee appointed by the corporation to make a lease, which made a report that it had made this lease for the corporation. The corporation accepted the report, entered under the lease and occupied the premises. *Held,* that the corporation was liable for the rent reserved in the lease, and could not terminate its estate by a notice sufficient to determine a tenancy at will.

A corporation, occupying a hall under a lease, appointed a committee to wait on A., the lessor, and "to ask for a reduction of the rent of the hall." The committee reported orally that A. said that he could not reduce the rent, but if the corporation would pay a certain sum until a certain date, then the lease should terminate. The corporation voted " that the report of the committee which waited upon A. for a reduction of the rent of this hall be accepted." *Held,* that this vote was not an acceptance of A.'s proposition.

CONTRACT for rent of a hall for October and November, 1876, and for a gas bill, under a written lease signed by the plaintiffs and by Thomas McCarty and Edward Higney. Trial in the Superior Court, before *Dewey,* J., who, after a verdict for the plaintiffs, allowed a bill of exceptions, so much of which as is material appears in the opinion.

*J. M. Morton, Jr.,* for the defendant.

*T. M. Stetson & H. K. Braley,* for the plaintiffs.

MORTON, J.   The lease in question purports to be a lease from the plaintiffs to the defendant for five years from October 1, 1874, at a rent of twelve hundred dollars a year, payable monthly. It is duly executed by the plaintiffs. It was not executed on behalf of the defendant in its own name, but was executed in their private names, by a majority of a committee appointed by the defendant to make the lease. The defendant asked the court to rule that, owing to this defective execution of the lease, it was not bound by it, but was to be regarded as a tenant at will with power to terminate its tenancy by due notice. The court rightly refused this ruling. It appeared at the trial that a committee had been appointed with instructions to lease the hall for five years, that it reported that it had made

this lease for the defendant, that the report was accepted, and thereupon the defendant society entered under the lease and occupied the leased premises for two years. The plaintiffs, having duly executed the lease, were bound by its stipulations. For it is an ancient doctrine of the law that if one party executes his part of an indenture it shall be his deed, though the other party does not execute his part. Com. Dig. Fait. C. 2. *Codman* v. *Hall*, 9 Allen, 335. And it is equally clear that the defendant, having accepted the lease and entered and occupied under it, is bound by its provisions, and liable to pay the rent therein reserved, to the same extent, at least, as if it were a deed poll executed by the plaintiffs. The estate vested in the defendant, and could not be terminated by the notice sufficient to determine a tenancy at will. *Kabley* v. *Worcester Gas Light Co.* 102 Mass. 392. *Lamson & Goodnow Manuf. Co.* v. *Russell*, 112 Mass. 387. *Clark* v. *Gordon*, 121 Mass. 330.

Another exception remains to be considered. It appears by the bill of exceptions that in February, 1876, the defendant society appointed a committee to wait on the plaintiffs and " to ask for a reduction of the rent of the hall." This committee subsequently reported orally that the plaintiffs said they could not reduce the rent of the hall, but if the society would pay $100 a month till October 1, 1876, then the lease should terminate. Thereupon the society voted " that the report of the committee who waited upon Messrs. Carroll and Butler for a reduction of the rent of this hall be accepted." We are of opinion that the court rightly ruled that the mere acceptance of the report of the committee was not an acceptance of the plaintiffs' proposition. It will be observed that the report of the committee did not state that they had made any contract with the plaintiffs, and did not propose any action by the society. If it had, perhaps the acceptance of the report might have amounted to a ratification of the contract or an adoption and approval of the action proposed. *Niles* v. *Patch*, 13 Gray, 254. *Arlington* v. *Peirce*, 122 Mass. 270. But the report merely stated that the plaintiffs had made a conditional proposition to terminate the lease on October 1, 1876. It did not state that the committee had accepted this proposition, nor propose any action of the society accepting it. The acceptance of this report might dis-

charge the committee, but it would not, of itself, without any further action accepting the plaintiffs' proposition and notifying them of the acceptance, bind the society or create a contract binding upon the plaintiffs. *Exceptions overruled.*