PAULINE W. BURKHARDT *vs.* ALEXANDER R. YATES
& others.

Suffolk. March 7, 1894. — June 22, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Lease — Partnership — Deed Poll.*

An indenture of lease purported to be between the plaintiff as lessor, and four defendants, copartners, as lessees. It was signed and sealed by the plaintiff and by two of the defendants. The other two defendants, being out of the country at the time of the execution of the indenture, did not sign it, although two spaces were left for their signatures with seals affixed, it being apparently the intention that all the defendants should sign and seal the indenture. One copy of it thus executed was delivered by the plaintiff for all the lessees to the two defendants who had signed it, and they delivered the other copy to the plaintiff. The firm entered and occupied the premises for five months, and then gave notice that they should quit and deliver them up. *Held*, that though an action could not be maintained on the covenants of the lease against the four defendants because they did not execute it, yet the indenture took effect as a deed poll, and a promise would be implied on the part of the defendants to pay rent according to its stipulations.

CONTRACT, for the recovery of rent due under a written lease. Writ dated October 18, 1892.

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, in substance as follows.

The plaintiff, being on June 1, 1891, the owner of a leasehold estate terminating December 31, 1893, caused a form of lease of the remainder of her term to be prepared, which, at the beginning thereof, recited that it was between the plaintiff, as lessor, and William A. Yates, of Vassalborough, Alexander L. Yates, of Waterville, both in the county of Kennebec and State of Maine, Sidney S. Shattuck, of Malden in the county of Middlesex, and George A. Drysdale, of Chelsea in the county of

Suffolk, both in the Commonwealth of Massachusetts, doing business under the firm name and style of Yates Bros., Shattuck, & Co., as lessees. This form of lease in duplicate original was signed and sealed by the plaintiff, and by the defendants Shattuck and Drysdale. The other two defendants, Yates, being out of the country at the time of the execution of the indenture, did not sign it, although two spaces were left for their signatures with seals affixed. One copy of the indenture thus executed was delivered by the plaintiff for all the lessees to the two who had signed it, and they delivered the other copy to her, and the firm entered upon and occupied the premises. The firm paid rent for one month, and occupied for five months, and then gave notice that they should quit and deliver up the premises, which thereafter remained vacant from October 31, 1891, until April 1, 1892, when they were again rented by the plaintiff to another tenant.

*J. H. Morison,* for the defendants.

*W. C. Cogswell,* for the plaintiff.

FIELD, C. J. The indenture of lease purports to be between the plaintiff, as lessor, and the four defendants, " doing business under the firm name and style of Yates Bros., Shattuck & Co.," as lessees. It was signed and sealed by the plaintiff and by two of the defendants. The other two defendants, being out of the country at the time of the execution of the indenture, did not sign it, although two spaces were left for their signatures, with seals affixed. It apparently was the intention that all the defendants should sign and seal the indenture. One copy of this indenture thus executed was delivered by the plaintiff to the two of the defendants who had signed it, and they delivered the other copy to the plaintiff. The agreed facts show that the indenture was delivered to the two defendants for all the lessees, and that the firm entered upon and occupied the premises. The firm paid rent for one month, and occupied for five months, and then gave notice that they should quit and deliver up the premises.

An action could not be maintained on the covenants of the lease against the four defendants, because they did not execute it. It is argued that an action could not be maintained on the covenants of the lease against the two defendants who executed

it, because it is said to be apparent that it was intended that all four of the defendants should execute it, and it does not purport to be a lease to two of the defendants. But the defendants could have accepted the demise on the terms and conditions contained in the indenture without executing the indenture. In such a case the indenture would take effect as a deed poll, and a promise would be implied on the part of the defendants to perform the stipulations expressed in the indenture on their part to be performed. We think that the meaning of the agreed statement of facts is, that the defendants as a firm or partnership accepted this lease, and occupied the premises under it; and therefore the members of the firm became bound to pay rent according to the stipulations of the lease until the surrender of the term was accepted by the plaintiff. *Codman* v. *Hall*, 9 Allen, 335. *Kabley* v. *Worcester Gas Light Co.* 102 Mass. 392. *Clark* v. *Gordon*, 121 Mass. 330. *Worster* v. *Great Falls Manuf. Co.* 41 N. H. 16. *McFarlane* v. *Williams*, 107 Ill. 33. *Libbey* v. *Staples*, 39 Maine, 166.            *Judgment affirmed.*