WILLIAM H. GOLDING & another *vs.* MILES F. BRENNAN & another.

Suffolk. January 12, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract. Partnership. Landlord and Tenant. Practice, Civil,* Exceptions. *Discretion of Court.*

Where the body of a lease of a part of a building contained no provisions as to steam heat, incandescent electric light or power for an elevator, but stipulations on these subjects were written in an independent clause below the signatures of the parties, these stipulations were treated by the parties as forming part of the lease and this treatment was assumed by the court to be correct.

A lease of real estate from one partnership to another, executed under seal in the names of the respective firms by one partner of each without any previous authority from their respective copartners, can be found to have been ratified so as to bind all the members of both firms, if it appears, that the firm named as lessees entered into occupation and possession of the premises described in the lease and paid the rent according to its terms, and the firm named as lessors opened an account on their books for the rent accruing under the lease, and collected and received it from the lessees.

Where a firm who are the lessees under a written lease transfer their assets to a corporation of which one of the partners is an incorporator, and thereafter the lessor accepts from the corporation the rent reserved in the lease, it is a question of fact whether the lessor has agreed to the substitution of the corporation as a tenant, and a finding may be justified, that this is not the case, and that the members of the firm still are liable as lessees.

The allowance of an amendment to a declaration adding a new count for the same cause of action, and the question whether after such amendment the plaintiff shall be required to elect on which count he relies, are within the discretion of the presiding judge.

CONTRACT for rent of the first floor and basement of a building on High Street in Boston, and for power and steam heat furnished, according to the terms of a written lease under seal, with a second count upon an account annexed. Writ dated July 5, 1900.

In the Superior Court the case was tried before *Richardson*, J. without a jury. During the course of the trial the plaintiffs offered in evidence the lease, a copy of which was annexed to the plaintiffs' declaration, and against the objection of the defendants it was admitted.

At the close of the evidence the defendants asked the judge to order the plaintiffs to elect on which count of their declaration they would stand. The plaintiffs thereupon, by leave of the judge, waived the second count in their declaration and, against the objection of the defendants, filed a new count to take its place, setting forth specially the facts relied upon. The defendants thereupon moved that the plaintiffs be compelled to elect upon which count of their declaration they would stand. The judge refused to order the plaintiffs so to elect.

The defendants asked for certain rulings which were refused by the judge. Those which were not made immaterial by the decision of the court were as follows:

1. That on all the evidence in the case the plaintiffs are not entitled to recover.

7. A sealed instrument signed "Miles F. Brennan & Company" is not the deed of the partnership of Miles F. Brennan and Walter T. Moore, and it cannot be made their deed, either by previous authority or subsequent ratification so that an action can be maintained against them upon it as upon an instrument under seal.

8. An instrument under seal signed by one of the copartners "Golding & Company" is not the deed of the partnership of "Golding & Company," and cannot be made their deed, either by previous authority or subsequent ratification so that they can maintain an action upon it as upon a sealed instrument.

10. The lease admitted is not admissible to support the third count. The seal cannot be disregarded.

The judge found for the plaintiffs in the sum of $1,219.31; and the defendants alleged exceptions.

*W. H. Bent,* for the defendants.

*S. H. Tyng & T. J. Kenny,* for the plaintiffs.

BRALEY, J.    The plaintiffs' action is for rent, and also for "incandescent electric lights, steam heating, horse power and water" furnished by them to the defendants, according to the terms of a written lease, purporting to be made and entered into January 1, 1898, between "Golding and Company" and "Miles F. Brennan & Company."    If the plaintiffs are entitled to recover, the amount does not seem to be disputed.

The stipulations as to steam heat, incandescent electric light and "power for elevator" were not within the terms of the original lease but in an independent clause written below the signatures of the parties, unsigned, and not referred to in the body of the instrument; the answer of the defendants denied that they covenanted to pay therefor, but from the agreed statement of facts and evidence at the trial, as well as from the defendants' brief, it does not appear that this was insisted upon, and we consider the case as presented by the parties.

The Superior Court found in favor of the plaintiffs, and the case is here on the exceptions of the defendants to the refusal of the judge to give certain rulings requested by them.

The signing of the lease by Dennison and Brennan for their respective firms appears to have been without any previous authority given them by the copartners of each, and if the transaction had gone no farther would not have been sufficient to bind either firm.    *Cady* v. *Shepherd,* 11 Pick. 400, 406.    But the evidence shows that, after the signing of the lease in the firm name of each copartnership, the defendant firm entered into occupation and possession of the premises described in the lease, paid the rent therein reserved and according to its terms, and used the light, heat, power and water furnished and supplied them by the plaintiffs, while the plaintiff firm opened an account on its books for the rent accruing under the lease, directed its bookkeeper to make out bills therefor, and collect and receive the same of the defendants.    From this evidence it might be found that by the common course of business and dealing between the parties each partnership had ratified the execution of, and had accepted and acted under, the lease.

It was a question of fact to be determined at the trial whether the evidence was sufficient to show such acceptance and ratifica-

tion of the lease and its terms, and this has been found against the defendants.

If the defendants elected to enter into possession and occupation of the demised premises they became liable to pay the rent to the plaintiffs, who had accepted the lease and claimed under it. *Carroll* v. *St. John's Catholic Total Abstinence Society*, 125 Mass. 565, 566. *Burkhardt* v. *Yates*, 161 Mass. 591, 593. And it makes no difference that the individual names of the members of each firm are not set out in the lease, but only the firm name given, as subsequent ratification made it binding upon the members of each firm as though their names had been written in the body of the instrument. *Dillon* v. *Brown*, 11 Gray, 179. *Butterfield* v. *Hemsley*, 12 Gray, 226.

Whether the forming of the corporation, which included the defendant Brennan as one of the incorporators, and taking over the assets of the defendant firm and the acceptance by the plaintiffs therefrom of the rent reserved in the lease was a substitution of tenants or release of the defendants would depend upon the fact, among other things, whether the plaintiffs accepted and agreed to the substitution of the corporation as a tenant, and party to the contract in place of the defendant firm ; and upon this issue the finding is against the defendants. *Carpenter* v. *Pocasset Manuf. Co.* 180 Mass. 130, 133, *ad finem.*

It follows that the first ruling requested, that upon all the evidence the plaintiffs could not recover, was properly refused, as there was evidence which, if believed, was sufficient to show ratification and acceptance of the lease by the plaintiff and defendant firms.

The third, fourth, fifth, sixth and ninth requests therefore become immaterial. The seventh, eighth and tenth requests are not correct in law, and were properly refused. *Russell* v. *Annable*, 109 Mass. 72, 74. *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381. *Burkhardt* v. *Yates, ubi supra.*

Whether the plaintiffs should have been permitted to amend their declaration or ordered to elect as to which count they would rely on at the trial, was within the discretion of the presiding judge, and does not appear to have been wrongly exercised. *Brady* v. *Ludlow Manuf. Co.* 154 Mass. 468, 471.

*Exceptions overruled.*