GRANITE BUILDING CORPORATION *vs.* DAVID RUBIN, *et al.*

MARCH 29, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*(1)   Landlord and Tenant.   Rent.   Assignment of Lease.*

The assignment of a lease, the assent thereto by the lessor, and acceptance of rent from the assignee by the lessor, do not operate as a discharge of the lessee from his covenant to pay rent, but lessor has a double claim against both the assignee and the original lessee.

*(2)   Landlord and Tenant.   Release of Lessee.   Rent.*

While it is competent for a lessor to accept the substitution of one party for another and to release the original lessee from further liability under his covenant to pay rent, the intent of lessor to do so must clearly appear either from the written assent itself or from the written assent aided by some subsequent acts of lessor tending to show its accepted interpretation and meaning.

*(3)   Lease.   Assignment.*

Premises were leased to A & B.  During the term A assigned his interest to C, the assignment stating, "It is understood that said lease shall hereafter be held in the names of C & B." Lessor assented to the assignment to "C & B and agrees to accept them as tenants under the terms of the lease."

C & B occupied the premises and paid the rent for several months, when they declined to make further payments.

Lessor brought action against A & B under the original lease.

*Held,* that there was nothing in the language of the assent by lessor to show a substitution of a new partnership for the old one, absolving the old from all liability under the lease, and A & B were not discharged from liability for rent.

COVENANT.   Heard on exceptions of plaintiff and sustained.

VINCENT, J.   This is an action of covenant brought to recover a balance of rent amounting to the sum of $725.

On January 20, 1913, the plaintiff, by a certain indenture, leased to the defendants, David Rubin and Louis Rubin, certain premises on the corner of Market Square and North Main Street in the city of Providence for a period of five years, from the first day of February, 1913, to the first day of February, 1918. The defendants took possession and occupied said premises under the lease.

On the first of January, 1914, the defendant David Rubin executed an assignment of his interest in said lease to his brother, Abraham Rubin, which assignment is as follows:

"Know all men by these presents, that I, David Rubin within named, in consideration of Ten Dollars to me paid by Abraham Rubin of the City of Providence, do hereby grant and assign to him said Abraham Rubin the lease within written, and all my right, title and interest in and to the premises therein described and granted to me.

To have and to hold the said granted premises to him said Abraham Rubin, his executors, administrators and assigns to his and their own use, he and they paying the rent and performing the covenants therein contained on my part to be paid and performed. It is further understood that said lease shall hereafter be held in the names of Abraham Rubin and Louis Rubin.

In witness where of I have hereunto set my hand and seal this 1st day of January, A. D. 1914.

DAVID RUBIN     (L. S.)

Signed, sealed and delivered
    In presence of
        LOUIS M. FINE."

This assignment was assented to by the plaintiff on

January 21, 1914, by the following writing attached, thereto:

" In consideration of the sum of One Dollar to me in hand paid which is received for and in behalf of the Granite Building Corporation, a corporation, the lessor named in the within lease, said Granite Building Corporation does hereby assent to the assignment of the lease aforesaid to Abraham Rubin and Louis Rubin and hereby agrees to accept them as tenants in the said premises under the terms of the within lease.

GRANITE BUILDING CORPORATION

By F. P. COMSTOCK,

Jan. 21, 1914                    President."

After the assignment aforesaid, Louis Rubin and Abraham Rubin occupied the premises as tenants of the plaintiff and paid the rent provided for in the lease until October, 1914, when they declined to make further payments. They, however, continued to occupy the premises until the 5th of May, 1915, when they vacated them, owing the plaintiff for rent the sum of $725. The payment of this amount having been refused by Louis and Abraham Rubin and also by David Rubin, the plaintiff brought suit under the original lease to recover the same. After the plaintiff had presented its evidence, the defendants also rested and moved that the jury be directed to find a verdict in their favor, which motion was granted, and the plaintiff thereupon duly excepted. This is the only exception.

The verdict was directed on the ground that the written assent of the plaintiff to the assignment, and its subsequent acts showing its interpretation of the transaction, amounted to a substitution of tenants and consequently to the release of David Rubin from liability under the contract. The defendants also contended that the lease appearing to have been made originally to a partnership composed of David and Louis Rubin, the

substitution brought in a new partnership composed of Abraham Rubin and Louis Rubin, and therefore the direction of a verdict should apply to both David and Louis Rubin.  This contention was viewed favorably by the trial court and a verdict was accordingly directed in favor of both.

(1)     The law seems to be well settled that the assignment of a lease, the assent thereto by the lessor and the acceptance of rent from the assignee by the landlord does not operate as a discharge of the lessee from his covenant to pay rent.  *Adams* v. *Burke,* 21 R. I. 126; *Almy* v. *Greene,* 13 R. I. 350; 1 Taylor's Landlord & Tenant, 9th Ed., § 371.

The defendants admit that a mere assignment of a lease and an acceptance of rent by the lessor from the assignee does not prevent the lessor from maintaining an action of covenant against the lessee for the payment of rent, but they contend that in the case at bar there was a substitution of a new partnership and that, by the express terms of the written assent of the plaintiff to the assignment, the old partnership was absolved from all liability under the lease and the new partnership was accepted as the sole tenant thereunder.  It would of course be competent for a lessor to accept the substitu-

(2) tion of one party for another and to release the original lessee from further liability under his covenant to pay rent, but in order to effect such a release the intent of the lessor to do so must clearly appear either from the written assent itself or from the written assent aided by some subsequent acts of the lessor tending to show its accepted interpretation and meaning.

As the law is stated in 1 Taylor's Landlord & Tenant, 9th Ed., § 371, the liability of a lessee, on his covenant to pay rent, is not impaired or affected by his act of assigning over the lease, but remains valid against him until the end of the lease, the covenant, in the event of a ten-

ant's alienation, affords the landlord a double claim for the payment of his rent; the assignee being chargeable in consequence of his privity of estate and the original lessee still continuing bound in respect to his contract.

In the present case the plaintiff, the lessor, consented to the assignment of the lease; accepted the said Abraham and Louis Rubin as tenants under the terms of the lease, and for a considerable period received from them the stipulated rent. These acts on the part of the lessor, under the authorities, would not be sufficient to bring about a substitution of one lessee for another and effect the discharge of the former lessee from liability under his covenant to pay rent, unless the written assent contained some language indicating such purpose on the part of the lessor.

The defendants argue that there was a substitution of a new partnership for the old one and that by the express terms of the assent of the plaintiff the old partnership was absolved from all liability under the lease. In support of such argument they quote in their brief from the language of the assent as follows: " . . . does hereby assent to the assignment of the lease aforesaid to Abraham Rubin and Louis Rubin and hereby agrees to accept them as tenants in the said premises under the terms of the within lease." We are unable to find anything in this language warranting the construction contended for by the defendants. Upon this point the defendants cite *Brayton* v. *Boomer,* 131 Iowa, 28; *Golding* v. *Brennan,* 183 Mass. 286; *White* v. *Berry,* 24 R. I. 74.

In *Brayton* v. *Boomer, supra,* the question was whether or not it was error for the trial court to instruct the jury that " if you find from the evidence that defendant did lease the premises, and . . . sold out his business to Clark and delivered possession of the building to him with agreement that he, Clark, was to pay the rent thereafter, and said arrangement was made known to the

plaintiff who made no objections thereto, and that he, plaintiff, tacitly consented thereto, then defendant became relieved from liability for rent accruing after that time.'" The question in that case materially differs from the question raised in the case at bar. If the plaintiff accepted or assented to the assignment to Clark, including an agreement that the rent was thereafter to be paid by Clark, it would be open to the jury to find, upon the evidence, that the defendant was absolved from further liability, but we do not find that situation here.

In *Golding* v. *Brennan, supra,* the question was whether or not the plaintiffs accepted and agreed to the substitution of the corporation as a tenant and party to the contract in place of the defendant firm. In the case at bar the defendants ask us to find that the old partnership was absolved from liability to pay further rent by the express terms of the plaintiff's written assent to the transfer of the lease, which we are unable to do.

In *White* v. *Berry, supra,* the defendant removed from the premises before the expiration of his term; notified the plaintiff of such removal and delivered up the keys without any protest or objection on the part of the plaintiff. Later the plaintiff advertised the property for rent; put up " to let " signs and showed the house to prospective tenants, all without consulting the defendant or making any claim upon him for further rent, treating the matter in the same way he would have done had the defendant never lived there; and the court held that the plaintiff's acts were tantamount in law to an express agreement on his part to accept the premises which the defendant had abandoned. It is difficult to find any similarity between that case and the one before us.

We do not find any agreement or any acts tantamount thereto on the part of the plaintiff which can be construed as absolving the defendants from the payment of rent accruing between the date of the assignment and the

time when the plaintiff took possession of the premises. That being so, the right of the plaintiff to recover the amount of rent sued for is well settled by the authorities already cited.

The plaintiff's exception is sustained and the defendants may appear before this court on the 9th day of April if they see fit and show cause, if any they have, why this case should not be remitted to the Superior Court with direction to enter judgment for the plaintiff in the sum of $725 and costs.

*William A. Morgan,* for plaintiff.
*Bliss & Walsh,* for defendant.