REGINALD M. HULL & another, trustees, vs. LORANUS C. NEWHALL.

Suffolk.    January 2, 1923. — March 1, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Landlord and Tenant,* Construction of lease, What constitutes. *Practice, Civil,* Parties. *Trust,* Ratification of acts of co-trustee.

The effect of a provision in a lease in writing of real estate for a year, that "if said premises are retained by the Lessee beyond the term within specified, this lease shall continue for one year from the expiration of said term, at the option of the Lessors and so on from year to year, unless notice in writing to the contrary is given by the Lessee to the Lessors thirty days at least before the expiration of any such term," is the renewal or extension of the lease at the expiration of the term, upon the same terms and conditions, if the lessee retains possession and if the lessor assents.

After the lessee named in the lease above described has held over beyond the end of a yearly period, he cannot terminate his liability for rent during the ensuing year merely by stating in writing in the fourth month of the year that he was "obliged to vacate" the property, by paying the rent for a month in advance and by vacating the premises.

A lease, not under seal, of real estate owned by three trustees under the provisions of an instrument creating a voluntary real estate trust, named all three trustees individually as lessors and was signed by two of the trustees as individuals and neither the name of the trust nor the fact that the lessors were trustees was stated anywhere in it. The lessee occupied for more than three years, paying the rent reserved by the lease, and the trustee who had not signed the lease did not dissent therefrom. The lessee never was evicted, but voluntarily vacated the premises during the term. One of those who had signed as lessor then had ceased to be a trustee, and, the lessee failing further to pay rent reserved by the lease, the two remaining trustees, one of whom had signed and the other of whom had not signed the lease, brought an action at law for the unpaid rent in which they described themselves as trustees under the trust instrument, and, on the foregoing facts, the judge ordered a verdict for the plaintiffs. *Held,* that

(1) A contention by the defendant that "the trust" could not maintain the action was untenable, since the action was not brought in the name of the trust;

(2) The trustee who had not signed the lease, although named therein as lessor, could adopt the action of the other two lessors in signing and join in the action to enforce the lease's provisions; and his failure to dissent during the tenant's occupancy and his joining in the action for the rent under the lease showed that he had adopted the lease as his own act as trustee;

(3) No eviction being claimed, the lessee was not entitled to raise the question of the plaintiff's title in this action for rent;

(4) A verdict for the plaintiff rightly was ordered.

CONTRACT, with a declaration as amended for $393.57 upon an account annexed for rent of a suite in Kirkland Court, Cambridge, for the months of February to July, inclusive, and seven tenths of the month of August, 1917, at $55.75 per month, with interest. Writ dated March 18, 1918.

In the Superior Court, the action was tried before *Morton*, J. Material evidence is described in the opinion. At the close of the evidence, the judge denied a motion by the defendant that · a verdict be ordered in his favor, ordered a verdict for the plaintiffs in the sum of $294.91, and reported the action to this court for determination upon the terms described in the opinion.

The case was submitted on briefs.

· *W. W. Hart*, for the defendant.

*G. H. Hull*, for the plaintiffs.

PIERCE, J. At the close of the plaintiffs' case the defendant requested the presiding judge of the Superior Court, sitting with a jury, to rule that the plaintiffs had not established their cause of action. The judge declined so to do and ordered a verdict for the plaintiffs, it being agreed by the parties that he should report the case for the determination of the Supreme Judicial Court and that if he were right in so ordering a verdict, judgment was to be entered for the plaintiffs in the sum of $294.91, the amount of the verdict; but that, if he were wrong, judgment was to be entered for the defendant. The case is reserved on the pleadings and on the reported facts, which are all that are material.

The action is brought by Reginald Mott Hull and Earnest E. Smith, as they are trustees of the Kirkland Trust under an agreement and declaration of trust, dated January 15, 1913, to recover the rent reserved in a written lease. The lease, not under seal, was signed by the defendant and by Forris W. Norris and Reginald Mott Hull, and was delivered to the defendant on August 21, 1913. The defendant thereupon entered into occupation under the lease and retained possession of the apartment until December 30, 1916. On the last named date the defendant wrote the plaintiff Hull ". . . I regret to say that I am obliged to vacate my pleasant apartment 401 Kirkland Court;" and on the same day paid, in accordance with the lease, in advance the rent for January, 1917, and moved away.

The lease was for the term of one year, and contained the

provision "if said premises are retained by the Lessee beyond the term within specified, this lease shall continue for one year from the expiration of said term, at the option of the Lessors and so on from year to year, unless notice in writing to the contrary is given by the Lessee to the Lessors thirty days at least before the expiration of any such term." The effect of such provision is the renewal or extension of the lease at the expiration of the term, upon the same terms and conditions, if the lessors assent. *Hildreth* v. *Adams*, 229 Mass. 581. Assuming the lease by renewals or extensions was in force, the notice of the intent of the defendant to vacate was ineffectual, and the obligation of the defendant to pay the rent reserved continued until the notice in writing was given in the manner provided in the lease, or until the lease was otherwise determined. No question is raised that the rent was not paid for the months covered by the plaintiffs' declaration.

At the time the lease was executed the property was owned by three trustees under the declaration of trust, who were Forris W. Norris, Reginald Mott Hull and Earnest E. Smith. The plaintiffs are two of the three original trustees and were the sole remaining trustees when the action was brought and the case reserved to this court. The lessors named in the lease are F. W. Norris, R. M. Hull and Earnest E. Smith. The lease nowhere states that the lessors are trustees. It is signed by Reginald Mott Hull and Forris W. Norris. The name Kirkland Trust is not mentioned in the lease. The defendant contends there was no evidence on which the Kirkland Trust could maintain the action. The answer to this claim is that the action is not in the name of the Kirkland Trust, but is in the names of the plaintiffs as they are trustees of the Kirkland Trust under an agreement and declaration of trust. The unincorporated association bearing the descriptive name "Kirkland Trust" had no claim which it could enforce at law by reason of the lease executed by its trustees with the defendant. The sole legal right under the lease against the defendant was in the lessors named in the lease. The fact that they were trustees of the Kirkland Trust was immaterial and proof thereof was not essential to their right to recover.

The instrument not being under seal, the plaintiff Earnest E. Smith, who did not sign the lease although named as a lessor,

could adopt the action of the two trustees who signed it as an act in his behalf and in behalf of the trust estate of which he was the third trustee; and adopting their action, join in an action to enforce the agreement of the defendant in the lease. *Huntington* v. *Knox,* 7 Cush. 371, 374. That he did adopt and ratify the action of his co-owners and co-trustees appeared from the fact that he did not dissent from the action of his fellow trustees; that the lessee occupied for more than three years under his lease, paying rent as provided in the lease; and that he now joins in the present action to recover rent as reserved in the lease. Moreover, no eviction being claimed, the defendant cannot raise the issue of the title of one or all of the lessors under whose lease he had or has had the right to have possession of the premises; because in an action for breach of a contract to pay rent the question of title is not relevant to the issue. *Lamson & Goodnow Manuf. Co.* v. *Russell,* 112 Mass. 387. *Clark* v. *Gordon,* 121 Mass. 330. *Carroll* v. *St. John's Society,* 125 Mass. 565. What has been said covers the contentions of the defendant as set forth in his brief.

We think the verdict for the plaintiff was directed rightly. It follows, in accordance with the terms of the report, that judgment is to be entered on the verdict.

*So ordered.*