L. J. S. CHEYNE, Appellee, v. J. E. QUACKENBUSH, Appellant.

**EXECUTORS AND ADMINISTRATORS:** Real Property—Unauthorized Lease. An executor who enters into a lease of land belonging to the deceased, and does so without authority under the will or under the statute, is *personally* liable to repay to the tenant an overpayment of rent. Especially is this true when the estate is unsettled and the rent money is yet in his hands.

*Appeal from Hamilton District Court.*—E. M. McCALL, Judge.

JUNE 24, 1924.

REHEARING DENIED SEPTEMBER 20, 1924.

ACTION at law, to recover $231.91, with interest, which is alleged by plaintiff to have been overpaid to defendant as rent, under an agreement to repay, in case it was later found to have been more than was due. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Martin & Alexander,* for appellant.

*F. J. Lund,* for appellee.

PER CURIAM—1. There was some claim in the trial court that the leases did not correctly describe the land leased and occupied by the plaintiff as tenant; but we do not understand that there is any dispute as to the fact that plaintiff occupied the land for three years, 1918, 1919, and 1920. There is no question of reformation in the case. The lease for the first year was lost, but it is alleged that the terms were the same as those of the one attached to the petition, except as to the period covered. The lease provided for a division of the crops, and further, that plaintiff was to pay cash rent, $7.00 per acre, for pasture and meadow land, "said land to be measured to determine the number of acres." Plaintiff alleges that, near the end of the three years, plaintiff and defendant attempted to settle the

cash rent, and that a difference arose concerning the number of acres; whereupon it was agreed that plaintiff should pay for the number of acres contended for by the defendant, and that, in the event it should be found that the number of acres so contended for by defendant was not the true and correct number, then and in that event the defendant would pay back to the plaintiff any amount in excess of the amount that was actually due, so as to make the payment represent the true number of acres contained in the pasture and meadow; that, upon a measurement of said land, it was found that plaintiff had overpaid defendant the amount before stated; and that plaintiff had demanded a refund of said money, which was refused. The defendant denies there was any such talk or arrangement, and contends there was a full and complete settlement between the parties at that time. There was evidence both ways on this proposition. The trial court submitted the question to the jury. There was a conflict in the evidence as to this matter, and we think the trial court properly submitted the question to the jury, and that the finding of the jury is conclusive.

2. Appellant concedes that there are but two propositions in the case: the first, the one just referred to; and second, that plaintiff could not sue the defendant individually. It appears that the written lease was executed by the defendant as executor of the estate of one Boak, deceased. The will did not authorize the executor to rent the land; neither does the statute, under the circumstances here shown. Defendant was still acting as executor at the time of the trial. The total payment made by plaintiff to the defendant for rent was $2,513. It does not appear that the money has been paid to the estate. So far as the record shows, it is still in the hands of the defendant. This being so, it is contended by appellee substantially that the defendant can protect himself, and that it was too late for plaintiff to file a claim against the estate for the alleged overpayment. There was no eviction of plaintiff, and he occupied the premises for the full term provided by the leases. It is appellant's contention that he may not be sued personally, because the plaintiff, as tenant, cannot deny his landlord's title. He cites *Hull v. Newhall*, 244 Mass. 207 (138 N. E. 249); *Beck v. Minnesota & W.*

*Grain Co.,* 131 Iowa 62 (7 L. R. A. [N. S.] 930). In the *Hull* case it was held that, where no eviction is claimed, a lessee sued for rent cannot raise the issue of title of one or all of the lessors under whose lease he· has had the right of possession. In the *Beck* case, the tenant sublet the premises. It was held that the subtenant stepped into the shoes of the tenant, and that he, as well as the tenant, was estopped from questioning the landlord's title. The landlord did not prove title to the land in himself, but it was held that neither the tenant nor the subtenant could question the landlord's title. It is not necessarily a question of legal title. Very often the question of legal title is not involved. *Chambers v. Irish,* 132 Iowa 319, 322. And we said in the *Beck* case, at page 64, that:

"The landlord may not have any interest in the title to the demised premises, but whether he has or not cannot be questioned by the tenant before the expiration of his lease, and whilst in possession under it, unless based upon some distinct and independent claim to the land."

It may be that the tenant could purchase a title adverse to that of his landlord. 16 Ruling Case Law 656. But it may be conceded that, as a general rule, the tenant may not deny his landlord's title, or, more strictly speaking, perhaps, the right to enter into the lease and put the tenant in possession, so long as the tenant is undisturbed in such possession. The estoppel seems to be mutual on both the landlord and the tenant, with perhaps some exceptions. 16 Ruling Case Law 653. While, as said, the rule contended for is the general rule, there are some exceptions; as where land is a part of the vacant public domain, and is not the subject of lease without right from the state, a tenant is not estopped to deny his lessor's title and to show that the title is in the government. 16 Ruling Case Law 652. The defendant was, in a sense, the agent for the estate, and it is doubtless true that the tenant would be estopped to deny the authority of the agent for the same reason by which he is estopped to deny the title of the landlord. 16 Ruling Case Law 651. But we do not understand that appellee does deny the right of defendant to make the lease and put plaintiff in possession, since he occupied the premises for the full term. His contention is that he made the

lease with the defendant, as executor, it is true, but that he over-paid him, and that he is entitled to recover the overpayment, under the agreement.  He further contends that, since the defendant, as executor, had no authority to lease the premises, but did so wrongfully, the defendant is personally liable for the overpayment.  He relies on *Cohen v. Hayden,* 180 Iowa 232, and like cases.  It was there held that an executor or administrator who enters into a lease without authority from the court or under the will, is personally liable thereon.  We think that the present case is ruled by that holding.  Appellee also cites, to the same point, *Winter v. Hite,* 3 Iowa 142; *Peoria Steam Marble Works v. Hickey,* 110 Iowa 276; *Hatton v. Wheaton,* 158 Iowa 460, 464.  Somewhat analogous are cases holding that the estate is not liable for the tortious or wrongful act of the executor, since his wrong, if any, is an individual act, for which the remedy of the person injured is against him individually. *Elmore v. Elmore,* 58 S. C. 289 (51 L. R. A. 261).  As said, it is not shown that the estate has yet received the benefit of the rent paid.  However, we need not pursue this thought further, since, as said, the case is ruled by the *Cohen* case.

The judgment is—*Affirmed.*