Bolster, C. J.
The plaintiff, by a lease under seal, demised to the defendant Maiorana for a term not yet expired the premises for the rent of which this action is brought. The appealing defendant Bell is not named in the lease. cf. Burkhardt v. Yates, 161 Mass. 591. In fact, she was a partner of Maiorana, told him to execute the lease, occupied the premises with him as partner and contributed to the rent.
*510 The court erred in finding against the defendant Bell and refusing her requests. The indenture created a term in the named lessee alone, the relation of landlord and tenant, with its attendant estoppels and rental obligations, was between the named lessor and lessee, and there can be no question of an undisclosed principal on a sealed lease. Huntington v. Knox, 7 Cush. 371, 374. Golding v. Brennan, 183 Mass. 286. N. E. Dredging Co. v. Rockport Granite Co., 149 Mass. 381. Seretto v. Schell, 247 Mass. 173. 1 Williston, Contracts, Rev. Ed. §§275, 297.
The case cited by the plaintiff, Alfano v. Donnelly, 285 Mass. 554, only decides that a lease under seal can be executed by an agent authorized by paroi, if the seal was not a requisite to validity of the instrument. It decides nothing as to the legal results of a demise by deed. That the lease would have been valid if not sealed does not justify the court in ignoring the fact that the parties chose to create the demise by deed and so in effect to malee a different contract for them. Presumably they intended the legal consequences which follow a transaction in the form they selected.. It is not enough to say that a seal is ordinarily of little consequence, something little thought of by the parties. It cannot truly be said that its presence is never given weight, and the recent statute which gives to the mere recital of a seal' the same effect as the affixing of a wafer enlarges rather than diminishes the scope of use of a deed rather than a simple contract.
The circumstances of consent, joint occupation and rent payment do not accomplish a difference in tenancy. Haley v. Boston Belting Co., 140 Mass. 73. The judge did not rest his finding on any special count, but that is of no consequence. This defendant is not liable on the sealed instrument because it is not her deed. She is not liable for use and occupation because she was not a tenant. Mere changes *511 in the forms of remedy do not alter the substantive rights which the parties have created by their own dealings. Since the plaintiff has no case against this defendant, we need not consider the latter’s objection to the amendment of the declaration, nor pass on her motion to recommit the report.
The plaintiff further argues that the error cannot be corrected because, as he says in his brief, the three copies of the report were not filed in the time required by the rules. A motion, rather than an allegation in the brief, would be the proper way of raising the point. But the rule referred to is one of several which set bounds to what the parties may as of right demand shall be done. They do not restrict the right inherent in the court itself to correct substantial error. The conception of the appellate division as one part of the municipal court, having all the powers of that court as well as those specifically set out as a new procedure, rather than as an isolated intermediate tribunal of limited powers, has been one of slow penetration, but it has progressed. In fact, the necessity for legislative sanction would seem, so far as the original act of 1912 is concerned, to be limited to the substitution of election of jury at the threshold, with removal, for the former general appeal and trial de nova, and the creation of a link with the supreme judicial court, for legal review. About all else in the act the court could have done itself, under its broad power to regulate its own business. There is no statute which says that judges shall sit singly, or that re-examination of legal questions shall go on in only a certain limited way or else be non-existent. In either case, it is the municipal court which acts, not the single judge, nor any particular panel of judges, cf. Benson v. Hall, 197 Mass. 517. That is implicit in the word “division”. That division is not a court by itself. It has no seal, no process, no officials of its own. The attempt to *512 state in terms of jurisdictional power things that are intrinsically only matters of internal machinery has led to much confused thinking and statement, and the possession of power is not measured by the right of parties to compel its exercise. The municipal court could have vacated this finding at any time before judgment, if satisfied that without such action substantial injustice would result. That such matters are in practice left to a particular judge is only a rule of convenience. There is still in the court itself, as a court, a residuum of discretionary power which a somewhat extended experience has shown us cannot safely be discarded, cf. Noyes v. Noyes, 224 Mass. 125, 134.
Judgment for defendant Bell.