LINDSAY BROS. CO., APPELLANT, *v.* MONTGOMERY ET AL., RESPONDENTS.

(No. 5,268.)

(Submitted June 26, 1923.   Decided July 13, 1923.)

[216 Pac. 795.]

*Sales—Promissory Notes—Consideration—Sufficiency.*

1. Where defendants had bought various pieces of farm machinery under a conditional sale contract, giving their promisssory note therefor, thereafter disposed of part of them, and upon failure to pay the note plaintiff in an action in claim and delivery recovered a portion of the property crediting the value thereof on the note, there was a sufficient consideration in support of plaintiff's action to recover the balance due on the note.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

[68 Mont. 294.]

ACTION by the Lindsay Bros. Company against Arthur Montgomery and Bob Montgomery, transacting business under the firm name of the Montomery Machine Company. From judgment dismissing the action, plaintiff appeals. Reversed and remanded, with directions to enter judgment for plaintiff.

*Mr. T. F. McCue,* for Appellant, submitted a brief and argued the cause orally.

Rules of law mean something, and in order for a rule of law to be worthy of any consideration it must be based upon reason and fairness. The question is, "Do the defendants owe the note in suit?" The answer must be, "Yes." Where a total failure of consideration, or a total want of consideration, is pleaded, if the evidence shows any consideration for the note, the plea fails, and the defense of failure for want of consideration fails. (*Cheney* v. *Higginbotham,* 10 Ark. 273; *Whitaker* v. *Culver,* 9 Minn. 295; *Iowa Nat. Bank* v. *Sherman,* 23 S. D. 8, 119 N. W. 1010.) When a party has received any consideration for a note or contract, and he wishes to defeat the recovery on such note on the ground of want of consideration, he must rescind— place the parties in *statu quo.* (*Fitz* v. *Bynum,* 55 Cal. 459; *Wood* v. *Ridgeville College,* 114 Ind. 320, 16 N. E. 619; *Cox* v. *Cline,* 147 Iowa, 353, 126 N. W. 330; *Zacharias* v. *Donaldson,* 188 Mich. 443, 154 N. W. 139; *Clyne* v. *Benicia Water Co.,* 100 Cal. 310, 34 Pac. 714.) It is only where nothing is received or the thing received is of no value for a promissory note that the defendant is not required to rescind or offer to rescind. (*Taft* v. *Myerscough,* 197 Ill. 601, 64 N. E. 711; *Russ etc. Mill Co.* v. *Muscupiabe Land etc. Co.,* 120 Cal. 521, 65 Am. St. Rep. 186, 52 Pac. 995; *Como Orchard Land Co.* v. *Markham,* 54 Mont. 438, 171 Pac. 274.)

The retention of title and the right to take possession of the property by the plaintiff was the security for the payment

of the purchase price. The rights of the parties to this lawsuit must be determined by the provisions of the contract, under which the goods were delivered. This proposition is settled in the case of *Ratchford* v. *Kaiyuga County Gold S. & W. Co.*, 217 N. Y. 665, 112 N. E. 447, which was a suit upon the last installment note for goods sold. (See, also, *Silverstin* v. *Kohler & Chase*, 181 Cal. 51, 9 A. L. R. 1177, 183 Pac. 451; *Smith* v. *Ackert*, 231 Mass. 330, 121 N. E. 24; *Russell* v. *Martin*, 232 Mass. 379, 122 N. E. 447; *Weidenbeck-Dobelin Co.* v. *Anderson*, 168 Wis. 212, 12 A. L. R. 500, 169 N. W. 615.)

*Messrs. McKenzie & McKenzie*, for Respondents, submitted a brief; *Mr. John McKenzie* argued the cause orally.

Defendants contend that under the contract in question, upon their default in payment plaintiff had the following choice of remedies: 1. To treat the contract as rescinded upon the default of the buyer and recover his goods. If he did this he has no other remedy. 2. To treat the contract as in force but broken by the vendees; it might retake the goods as its own and recover of defendants damages for the breach of the agreement to buy and pay for the goods. 3. To waive a return of the goods, treat the contract as executed on its part, and recover of the defendants the amount due on said notes. (Mechem on Sales, sec. 615; 24 R. C. L. 491, sec. 785; *Seanor* v. *McLaughlin*, 165 Pa. St. 150, 32 L. R. A. 467, 30 Atl. 717; *Chase & Co.* v. *Kelley*, 125 Minn. 317, L. R. A. 1916A, 912, 146 N. W. 1113.) We contend that plaintiff either (1) rescinded the contract and took back that part of the property that remained, or (2) treated the contract as in force but broken by defendants; and that in either case it cannot sue on the note in question or for the purchase price. (Mechem on Sales, secs. 619, 620.) At any rate plaintiff elected the wrong remedy. "If the seller exercise the right to reclaim the goods, it is generally held an

[68 Mont. 294.]

election to rescind the contract, and thereafter an action for the price or any unsatisfied portion will not lie.'' (Williston on Sales, sec. 579; *Madison River Livestock Co.* v. *Osler*, 39 Mont. 244, 133 Am. St. Rep. 558, 102 Pac. 325; *Bailey* v. *Harvey*, 135 Mass. 174; *Parke & Lacy Co.* v. *White River L. Co.*, 101 Cal. 37, 35 Pac. 442.)

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action upon a promissory note for $4,000, executed by the defendants in part settlement for certain plows and machinery purchased by the defendants from the plaintiff under a conditional sales contract. The defendants interposed the defense of want of consideration; otherwise the allegations of plaintiff's complaint, save as to allowance of attorney's fees, are admitted. At the close of the trial, which was had before a jury, both parties moved for a directed verdict, and the cause was by the court taken from the jury with the consent of counsel. Thereafter the court made certain findings of fact and conclusions of law in the defendants' favor, upon which judgment was duly entered dismissing the action, costs being taxed against the plaintiff. The appeal is from the judgment.

The question determinative of this appeal is whether there [1] was consideration for the note. There is no dispute as to the facts. It appears that the defendants were engaged in the business of retailing farm implements and machinery at Great Falls, and that the note sued upon was one of four executed by the defendants, aggregating a total of $8,276.62, in settlement for twenty-one plows, 150 disc blades, and other machinery consigned by the plaintiff to the defendants under a conditional sales contract whereby title and right of possession of the goods were to remain with the plaintiff until fully paid for. Written order for the plows and machinery was given by the defendants to the plaintiff November 26, 1919, on the back of which the terms

of sale were incorporated in contract form. Shipment of the goods was made May 23, 1920, and they were duly received by the defendants, who in regular course of business disposed of a portion thereof. On November 1, 1920, the parties had a settlement of account, and the note in suit, together with the other three notes, were then executed by the defendants to cover the aggregate amount on that date agreed to be due and owing to the plaintiff on account. The notes so executed not having been paid, on December 21, 1921, the plaintiff herein instituted an action in claim and delivery against the defendants to recover therein a portion of the property consigned to the defendants. Certain of the property was retaken in that action, and thereafter the plaintiff gave credit to the defendants on the other three notes for the value of the property so recovered, and instituted the present action on April 21, 1922. The trial court found as facts that the defendants executed the note, together with the other three notes, in settlement of the purchase price of the plows under the terms of the contract of sale, and made default in payment of all of the notes, although they had disposed of seven of the plows up to December 20, 1921, and had only fourteen thereof on hand at that time. Further, that under the terms of the contract of sale the plaintiff took possession of the remaining fourteen plows, and gave the defendants credit therefor to the full amount of the other three notes.

In our opinion these findings of fact do not support the court's conclusion and judgment in defendants' favor. Defendants cite and rely upon the case of *Madison River Live Stock Co.* v. *Osler,* 39 Mont. 244, 133 Am. St. Rep. 558, 102 Pac. 325, but in our opinion it is without application to the present case. The *Osler Case* merely dealt with a vendor's remedy for alleged breach of contract on sale of certain cattle, horses and harness. It appeared therein that the plaintiff

took possession of all of the property sold, save a few head of cattle which had died during the winter, and long before the notes given in payment for the property were due. The jury found that the property was wrongfully retaken from the vendee's possession, and it was there held by this court, and properly so under the facts, that the plaintiff could not thus retake the property sold, renounce the contract of sale, and at the same time insist upon payment under the contract.

Here we have a different situation. There is no rescission of the contract; the plaintiff merely insisting on its right of recovery thereon. It is admitted that the defendants bought and received the goods sold to them by plaintiff, that the note in suit was executed in payment thereof, that no part of it has been paid, and that defendants have sold and retained a portion of the property consigned to them by the plaintiff. Had the defendants shown that plaintiff rescinded the contract of sale and wrongfully took possession of all of the property sold as alleged in their answer, there would be merit in defendants' contention. It would be a manifest injustice to permit the defendants to escape payment of their just and admittedly due indebtedness upon any such flimsy pretext. The absurdity of the defendants' position is conclusively demonstrable upon its mere statement, insisting, as they do, upon their right to retain a portion of the goods consigned to them by the plaintiff, and avoid the payment therefor simply because some of the property sold and delivered to them by the plaintiff in consequence of defendants' default in payment has been retaken and applied upon the defendants' indebtedness; a unique and unheard-of method of liquidating such an obligation. To us it appears too plain to require further discussion or citation of authorities that a sufficient consideration existed for the execution of the note (sec. 7503, Rev. Codes 1921), and that the defendants are liable for the payment thereof.

The judgment is reversed, and the cause remanded to the district court of Cascade county, with directions to enter its judgment for the plaintiff.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.

Rehearing denied September 11, 1923.