ALBERT McNABB, Appellant, v. JIM BUNTING, Appellee.
No. 39511.

APRIL 2, 1929.

*Brown McCrary* and *John E. Haltigan,* for appellant.

*E. A. Wissler,* for appellee.

STEVENS, J.—It is recited in the note in suit that the consideration therefor is the purchase price of a Ford sedan. The sedan was immediately delivered to and used by appellee for several months, when it was returned to the seller, who disposed of it for $350. The proceeds of the sale were credited on the note. The note further recites that:

"The express condition of the sale and purchase of said property is such that the title, ownership or possession does not pass from the said Albert McNabb until this note, interest and collection expense, is paid in full and the said Albert McNabb or its agent had full power to declare this note due and take possession of said property when he deems himself insecure, even before the maturity of this note. Endorsers and guarantors waive demand of payment, protest and notice of protest of this note and authorize the holder hereof to extend the payment of the same, or any part thereof, without impairing our several or joint liabilities. Consent is hereby given that a justice of the peace may have jurisdiction on this note to the amount of $300.00. To be paid monthly, Carroll, Iowa. Jim Bunting."

The answer admitted the execution of the note, but set up as defenses failure of consideration and estoppel. These defenses are bottomed upon the claim that appellant repossessed himself of the automobile and sold it at private sale without the consent of appellee. The reply of appellant to the answer alleged that:

"After using the automobile referred to in his answer for a considerable time [defendant] voluntarily offered to return it to plaintiff, with the oral request that plaintiff sell it, and credit him with the proceeds of the sale upon defendant's note. With this understanding, plaintiff did accept possession of the automobile, and not otherwise, and did sell the same and credit the proceeds of the sale upon defendant's note."

The issue thus tendered presented the only question of fact submitted to the jury. The court instructed the jury that, unless appellant had established the alleged oral agreement by a preponderance of the evidence, a verdict should be returned for the defendant. In the succeeding paragraph of its charge, the court also instructed the jury that appellant might retake possession of the sedan upon appellee's failure to make the stipu-

lated payments, without his consent, and hold possession thereof as security for the payment of the purchase price; but that he did not have the right, unless appellee requested him to do so, to dispose of the sedan and also recover the purchase price thereof. The court in this instruction reiterated, in substance, what had been said in the preceding one. No question regarding the right of appellant to receive the car and hold it as security is involved on this appeal; hence we do not consider that part of the instruction.

The correctness of the foregoing instructions presents the only question for review. The sale was clearly conditional, and title to the automobile never passed to appellee, although, as stated, he had the possession and use thereof for several months. Appellant testified that the automobile was returned to him at his request in pursuance of an express oral agreement that it might be sold by him and the proceeds credited upon the note. Appellee denied this testimony *in toto*, and asserted that the automobile was returned by him to appellant upon his demand, and without any agreement whatever as to the sale or disposition thereof.

It is the general' rule, well settled in many jurisdictions, that the seller of personal property under conditional sale may, upon default on the part of the purchaser to make the required payments, either retake the property or treat the sale as absolute, and recover the purchase price; but that the adoption of one remedy is a waiver of the other. Estrich on Installment Sales 633, Section 313, and the long list of cases cited in the margin. The doctrine has not been so clearly enunciated by the decisions of this court, but has been recognized in various forms, and is the rule in this state. *Richards v. Schreiber, Conchar & Westphal Co.*, 98 Iowa 422; *Kearney Mill. & Elev. Co. v. Union Pac. R. Co.*, 97 Iowa 719; *First Nat. Bank of Corning v. Reid*, 122 Iowa 280; *Gigray v. Mumper*, 141 Iowa 396; *Newcomer v. Novak*, 188 Iowa 646. See, also, *Schmidt v. Ackert*, 231 Mass. 330 (121 N. E. 24); *Thompson Co. v. Brown*, 171 Minn. 483 (214 N. W. 284).

The remedies are clearly and necessarily inconsistent. Having retaken possession of the automobile and sold it, the appellant cannot now recover of appellee any part of the purchase price. This is the theory upon which appellant really tried the

case. The averments of the reply were intended to avoid the general rule. The instructions fully met the issues tendered, and correctly stated the law in so far as it related to or bore upon the rights of the parties, as disclosed by the record.

Some reliance is placed by appellant upon the opinion of this court in *Central-Iowa Motors Co. v. Clancy,* 206 Iowa 1090, and reference is also made in the briefs of counsel to *Murray v. McDonald,* 203 Iowa 418. None of the questions involved in either of these cases and necessary to a decision thereof are before us on this appeal. The provisions of the respective contracts in the foregoing cases fully protected the seller, under familiar rules of law, against the general rule applied in this case. Each case must be read and interpreted in the light of the facts and issues involved. The judgment of the court below is affirmed.—*Affirmed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.