VIKING AUTOMATIC SPRINKLER CO. *vs.* TEELE SOAP MANU-
FACTURING COMPANY.

Suffolk.   January 5, 1934. — March 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Sale,* Conditional.   *Contract,* Construction.   *Bills and Notes.*

When parties to a contract of conditional sale in writing have agreed
therein that, after breach of the contract by the vendee and repossession by the vendor of the whole or of a part of the article dealt with,
the vendor may collect by action or otherwise unpaid notes given for
the purchase price, the vendee cannot escape liability in such an action
on the ground that, through the repossession, the consideration for
the notes has failed.

CONTRACT.   Writ dated August 14, 1931.

In the Superior Court, the action was heard by *Whiting,*
J., without a jury.   Material facts found and rulings made
by him are stated in the opinion.   There was a finding for
the plaintiff in the sum of $768.03.   The defendant alleged
exceptions.

*R. H. Bond,* (*S. Y. Levovsky* with him,) for the defendant.
*J. Sidney Stone,* for the plaintiff.

WAIT, J.   These exceptions must be overruled.   As the
trial judge ruled, the principle followed in *Bedard* v. *C. S.
Ransom, Inc.* 241 Mass. 74, is controlling here.   It was there
held that when parties to a conditional sale have agreed in a
written contract that, after breach and repossession of the
article dealt with, the vendor may sue upon unpaid notes
given for the price, the conditional vendee cannot escape
liability on the ground that, through the repossession, the
consideration for the notes has failed.   He is bound by his
bargain though it be a hard one.

In the case before us, the conditional vendor of automatic
sprinkling equipment after breach of condition endeavored
to repossess itself of the equipment.   It was opposed by the
vendee and was unsuccessful in repossessing more than a part.

The contract provided that on failure of the conditional vendee to make payments as and when they became due, or fully to comply with the terms of agreement, the vendor might "exercise any one or more or all of the following rights: (a) Enter the above described premises and remove the Equipment or any part or parts thereof; (b) Declare the full amount of unpaid installments to be immediately due and payable and to collect the same by suit or otherwise, with its expenses, including reasonable attorneys' fees; (c) To take such other action as the Contractor may deem advisable to enforce its rights hereunder." Of the notes given in payment, three were overdue, upon one of which $50 had been paid. Suit was brought upon these three notes. The judge found for the plaintiff; and refused to rule (1) that the plaintiff could not repossess itself of part of the goods and later sue upon the unpaid notes, and (2) that as the notes referred to a lien upon goods delivered to the defendant, on repossession consideration for the notes was gone; the plaintiff held the property and the title to the goods, and so could not recover the price or any part of it. The judge was right. Neither *Russell* v. *Martin*, 232 Mass. 379, 382, nor *White* v. *Solomon*, 164 Mass. 516, 521, cited by the defendant, is applicable here.

Indeed, in the case before us no hardship to the vendee appears. The defendant, as the bill of exceptions discloses, is in possession of much of the equipment, using it with parts obtained from others than the plaintiff in replacement of such parts as the plaintiff succeeded in obtaining when it sought repossession of all. The due date of several of the notes given in payment had not arrived when this suit on the overdue and unpaid notes declared on was begun. Such notes are not included in this action. Title is still in the plaintiff, but the fair value may well be much less than can be made good by what it recovers on the notes; and repossession of the whole has not been had.

*Exceptions overruled.*