PASQUALE COLELLA *vs.* ESSEX COUNTY ACCEPTANCE
CORPORATION & another.

Essex.    April 4, 1933. — October 25, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Sale,* Conditional.    *Contract,* Validity, What constitutes.    *Conversion.*
*Equity Pleading and Practice,* Decree;    Answer:    counterclaim.
*Election.*

It *was stated* that a contract of conditional sale, providing that the vendor,
upon default by the vendee, might both repossess the property sold
and also collect from the vendee any unpaid balance of the purchase
price, and that the vendor might enforce his remedies "in whole or
in part successively or concurrently," was enforceable and that under
it the vendor was not required to elect between his remedies.
Where it appeared in a suit in equity that an automobile was sold under
a contract of conditional sale which was assigned by the vendor to
the defendant; that subsequently the vendee surrendered the auto-
mobile to the vendor; that the vendor thereupon delivered and pur-
ported to sell it to one who in turn delivered and purported to sell it
to the plaintiff for cash and other property; and that the vendee
was in default for a portion of the purchase price stated in the con-
tract of conditional sale and had violated a provision thereof whereby
he agreed not to sell or dispose of the automobile until all sums due
under the contract had been paid, the defendant had the right to
take possession of the automobile: the plaintiff's interest in the auto-
mobile was no greater than that of the vendee, which was merely a
special property therein defeasible upon default by him.
In the circumstances above described, the plaintiff was not liable to the
defendant for the balance due under the contract of conditional sale
because he had not entered into any contractual relations with the
defendant with respect to that balance; no agreement by the plain-
tiff to assume liability therefor could be implied from his purported
purchase of the automobile or from his taking possession of it.
Although the defendant in the suit in equity above described had title
to and the right to immediate possession of the automobile, and al-
though the plaintiff converted the automobile by retaining it after
demand for it by the defendant, damages for conversion could not be
assessed against the plaintiff in the circumstances because nothing
appeared to show the value of the automobile at the time of the con-
version; such value could not be inferred from the balance due under
the contract of conditional sale.
The contract of conditional sale above described provided that upon de-
fault by the vendee the vendor might both repossess the automobile

and also collect the unpaid balance of the purchase price. The plaintiff in the suit in equity sought to establish his title to the automobile free of any claim of the defendant and to have the defendant enjoined from interfering with his possession thereof. The vendee became a party. The defendant by counterclaim sought to establish his title to the automobile free of any claim of the plaintiff and to have the plaintiff ordered to deliver it to the defendant, or to have the vendee ordered to pay the defendant the balance due under the contract. A final decree was entered ordering the vendee to pay such balance, and, in the event that he should fail to pay it within a certain time, ordering the plaintiff to pay it. Upon appeal, no argument was made concerning the rights of redemption, if any, of the plaintiff or the vendee if the automobile should be delivered to the defendant, and it was not contended that the defendant was not entitled to the relief given to him against the vendee by the decree; the only question raised was whether the defendant was entitled to the relief against the plaintiff given by the decree, which, the defendant contended, should be affirmed. *Held,* that

(1) The portion of the decree ordering the plaintiff to pay the balance due must be struck out;

(2) The defendant's claim of a right to obtain possession of the automobile from the plaintiff, as set forth in the counterclaim, was a claim against the plaintiff "arising out of the transaction which" was "the subject matter of the suit," and was properly set up in the counterclaim under Rule 32 of the Superior Court (1932);

(3) There must be inserted in the decree a provision ordering the plaintiff to deliver the automobile to the defendant in the event of the vendee's failure to pay the balance within the time specified in the decree, without prejudice to whatever rights of redemption the plaintiff or the vendee might have.

BILL IN EQUITY, filed in the Superior Court on March 11, 1932, against Essex County Acceptance Corporation.

The pleadings are described in the opinion. Following the filing of the answer of the defendant corporation, Allen B. Newhall was summoned and appeared as a defendant, and answered the counterclaim contained in the answer of the defendant corporation. The suit was referred to a master. Material facts found by him are stated in the opinion.

By order of *Whiting,* J., there were entered an interlocutory decree confirming the master's report, and a final decree as follows:

"(1) That the claim of the defendant Essex County Acceptance Corporation against the defendant Allen B. Newhall be and it is hereby established in the sum of $1,123.30,

with costs taxed in favor of the said defendant Essex County Acceptance Corporation, against the said defendant Allen B. Newhall in the sum of $17.50, and execution issue therefor.

(2) That upon the payment of said sum by the defendant Allen B. Newhall, the defendant Essex County Acceptance Corporation shall execute and deliver to the plaintiff Pasquale Colella a bill of sale of Pierce Arrow Club Sedan, eight cylinder automobile, De Luxe Model, serial No. 2500953, engine No. 200534, in common form free from all incumbrances arising out of the conditional bill of sale from G. W. Nixon to Allen B. Newhall, dated March 12, 1931.

(3) That costs be taxed in favor of the plaintiff Pasquale Colella as against the defendant Allen B. Newhall in the sum of $21, and execution issue therefor.

(4) That upon the failure of the defendant Allen B. Newhall to pay said execution within thirty days of the date of this decree the plaintiff Pasquale Colella pay the Essex County Acceptance Corporation the amount of its execution referred to in paragraph No. 1 of this decree.

(5) That upon the payment by the plaintiff Pasquale Colella to the Essex County Acceptance Corporation of the amount of the execution referred to in paragraph No. 1 of this decree, the defendant Essex County Acceptance Corporation execute a bill of sale of Pierce Arrow Club Sedan, eight cylinder automobile, De Luxe Model, serial No. 2500953, engine No. 200534, assign and deliver to the plaintiff Pasquale Colella the execution referred to in paragraph No. 1 of this decree.

(6) That upon the failure of the defendant Allen B. Newhall to pay the execution referred to in paragraph No. 1 of this decree within thirty days of the date of this decree and upon the failure of the plaintiff Pasquale Colella to pay as ordered in paragraph No. 4 of this decree within forty days of the date of this decree and the return to court of the execution referred to in paragraph No. 1 of this decree unsatisfied, an execution may issue in favor of the defendant Essex County Acceptance Corporation against the plaintiff Pasquale Colella in the sum set forth in paragraph No. 1 of this decree, with interest and the expenses

of serving said execution as set forth in the return of the officer on said execution."

The plaintiff and the defendant Newhall appealed from the final decree.

The case was submitted on briefs.

*J. W. Sullivan & J. F. Doyle,* for the plaintiff.

*R. W. Hill, E. L. Howie, & R. E. Blake,* for the defendant Essex County Acceptance Corporation.

FIELD, J.  This suit in equity was brought by Pasquale Colella against the Essex County Acceptance Corporation, herein called the defendant, for a decree adjudging a certain automobile the property of the plaintiff, free of liens or claims of the defendant, and enjoining the defendant from instituting any proceeding at law or in equity whereby the plaintiff's control, use and possession of such automobile may be interfered with, from assigning, transferring or delivering to any person the conditional sale contract covering this automobile and from instituting any proceeding at law or in equity against the plaintiff for moneys claimed to be due under said conditional sale contract, or by reason of the plaintiff's having purchased the automobile and now having possession thereof.  The bill alleges fraud on the part of the defendant.  The defendant filed an answer containing denials of the allegations of fraud and a counterclaim in which it alleged that, under the terms of a conditional sale contract, it is the present holder of the legal title to the automobile, that one Allen B. Newhall appears as maker of the conditional sale contract and the note attached thereto, a copy of which is annexed, that said Newhall is liable to the defendant for the unpaid balance due thereunder, and that it is essential that the said Newhall be made a party to this proceeding.  The defendant also by way of counterclaim asks the affirmative relief of a decree establishing its rights as the owner of the automobile, free of all claims of the plaintiff, enjoining the plaintiff from preventing the defendant from obtaining possession thereof and ordering the plaintiff to deliver the automobile to the defendant, and, in the alternative, in the event that the defendant's title is not established in this

proceeding, ordering said Newhall to pay to the defendant the amount of its claim under the conditional sale contract. Newhall filed an answer to this counterclaim in which he admitted that he signed the conditional sale contract and note, a copy of which is annexed to the defendant's answer.

The case was referred to a master who made a report which has been confirmed by an interlocutory decree from which no appeal was taken. The facts found by the master include the following: George W. Nixon, Inc., sold to Allen B. Newhall the automobile in question. The defendant is the present holder of a conditional sale contract for the automobile executed by Newhall in March, 1931, under the terms of which title to the automobile remains in the seller or its assigns until all payments called for by the contract have been made. The last payment made by Newhall on the contract was in November, 1931, and a balance of $900 then remained due. In May or June, 1931, Newhall surrendered the automobile to George W. Nixon, Inc., and bought another from that corporation. George W. Nixon, Inc., attempted to sell and did deliver the automobile in question to one Parker who attempted to sell and did deliver it to the plaintiff for cash and another automobile. Newhall, when he delivered the automobile to George W. Nixon, Inc., knew that the corporation intended to resell it and later learned of the resale. The defendant had no knowledge of the transaction and did not learn that Newhall was no longer in possession of the automobile until October or November, 1931. Sometime before February 23, 1932, the defendant learned that the automobile was in the possession of the plaintiff and on February 23, 1932, "the matter was first brought to the attention of the plaintiff when a demand was made upon him by a representative of" the defendant for this automobile. The master finds that title to the automobile still remains in the defendant under the terms of the conditional sale contract with Newhall and, so far as they are questions of fact, that the plaintiff was misled and damaged by the action of Newhall, and that Newhall is still liable to the defendant upon the conditional sale contract. There is no finding of fraud on

the part of the defendant. The plaintiff alleges and the defendant admits that the defendant caused a replevin writ to be delivered to a deputy sheriff for the purpose of replevying the automobile, and that demand was made upon the plaintiff on March 11, 1932, for such automobile. This suit was brought on that day. No copy of the conditional sale contract is incorporated in the master's report, but we treat the copy referred to in the answers of the defendant and Newhall, as the plaintiff has treated it, as before the court for the determination of the rights of all parties.

A final decree was entered establishing the claim of the defendant against Newhall in the sum of $1,123.30 — apparently the unpaid balance of the purchase price with interest and attorney's fees — with costs and ordering execution to issue therefor, and further ordering that upon payment of this sum the defendant execute and deliver to the plaintiff a bill of sale of the automobile, free from encumbrances arising out of the conditional bill of sale, that upon the failure of Newhall to pay the execution within thirty days of the date of the decree the plaintiff pay the defendant this amount, that upon payment by the plaintiff of this amount the defendant execute a bill of sale of the automobile and assign and deliver to the plaintiff the execution above referred to, and that upon the failure of Newhall to pay the execution within thirty days of the decree and the failure of the plaintiff to pay as ordered within forty days of the decree and the return to the court of the execution above referred to unsatisfied, an execution issue payable to the defendant against the plaintiff. From this final decree the plaintiff and Newhall appealed, but the appeal of Newhall has not been argued and we treat it as waived.

The plaintiff does not now contend that he is entitled to the relief sought by his bill. And no contention is now made that the defendant is not entitled to the relief against Newhall which the decree gives. The only controversy on this appeal is between the plaintiff and the defendant, and is whether the defendant is entitled to the relief against the plaintiff which is given by the decree. The defendant, which

has not appealed from the decree, contends that it should be affirmed. The plaintiff contends that the only decree which could be issued against him "is one to the effect that upon certain conditions the automobile in question should be returned" to the defendant.

When the present bill in equity was brought — and when each of the demands was made on the plaintiff for the automobile — Newhall, the conditional vendee, was in default in the payment of instalments under the conditional sale contract, and also had failed to comply with the provision of the contract that he would not "sell, lend, pledge, assign, encumber or dispose of said Motor Vehicle or this contract or any interest therein" until all amounts due under the contract had been paid. In these circumstances, according to the terms of the contract, the defendant was entitled to recover from Newhall the balance due under the contract and to take possession of the automobile. It was not required to elect between these remedies. The contract provided that upon default by the purchaser in payment of any instalment or failure to comply with any provision of the contract "the Seller may declare the entire amount then unpaid immediately due and payable and may collect same from the Purchaser as liquidated damages for the breach of this contract, and may take possession of said Motor Vehicle . . . . In the event of such repossession, said Motor Vehicle may be retained by Seller together with any or all amounts paid thereon as compensation for the reasonable use of said Motor Vehicle . . . . And the Seller may make such disposition of the Motor Vehicle as Seller sees fit, or may sell it . . . . The Seller may, if he sees fit, credit the proceeds of said sale, less the expense of taking, removing, holding, repairing and selling said Vehicle including attorneys fees, upon the amount then unpaid . . . or the Seller may retain said proceeds as compensation also for the reasonable use of said Motor Vehicle . . . . The Seller shall have the right to enforce one or more of the remedies hereabove provided for or any other remedy he may have, and to enforce such remedies in whole or in part successively or concurrently. The Purchaser further agrees that institution of a suit by the Seller for any

installment due and owing or for the entire unpaid amount shall not operate to invest title to said Motor Vehicle in the Purchaser. No action or suit for breach of contract or for any other reason on the part of the Seller shall operate to estop or prevent Seller from pursuing any further remedies that he may have." In spite of its apparent hardship, such a contract is enforceable. *Bedard* v. *C. S. Ransom, Inc.* 241 Mass. 74. *Viking Automatic Sprinkler Co.* v. *Teele Soap Manuf. Co.* 286 Mass. 13.

The surrender of the automobile by Newhall, the conditional vendee, and the purchase thereof by the plaintiff did not affect the defendant's right to take possession thereof on failure of Newhall to perform the conditions of the sale to be performed by him. By the terms of the contract title to the automobile remained in the defendant until performance by Newhall of these conditions. Newhall had merely a special property in the automobile defeasible upon default by him in such performance. *Hyland* v. *Hyland*, 278 Mass. 112, 117. The plaintiff acquired no greater interest in the automobile than Newhall had and any interest which he acquired was defeasible upon default by Newhall, in the absence, as here, of conduct on the part of the defendant precluding it from asserting title to the automobile. *Bousquet* v. *Mack Motor Truck Co.* 269 Mass. 200, 201–202.

The decree, from which the defendant has not appealed, gave the defendant against Newhall only the relief of an execution for the balance of the contract price and costs, and furthermore ordered the defendant upon payment of such execution by Newhall to execute and deliver to the plaintiff a bill of sale of the automobile. No question is raised in regard to this part of the decree. But the question for determination is whether, if Newhall does not pay this execution within the time fixed by the decree, the defendant is entitled to the affirmative relief against the plaintiff given by the decree — an order that the plaintiff pay this execution and in default of such payment that execution issue against the plaintiff — and, if not, to what affirmative relief, if any, the defendant is entitled.

The decree, so far as it gives to the defendant the affirma-

tive relief against the plaintiff of any order for the payment of money, cannot be sustained unless it is within the scope of the counterclaim and supported by the facts found by the master or admitted. See *Hermanson* v. *Seppala,* 272 Mass. 197, 199; *Les* v. *Alibozek,* 269 Mass. 153, 160; Rule 32 of the Superior Court (1932). We pass without discussion the question whether the decree, so far as it gives such affirmative relief, is within the scope of the counterclaim, for it is not supported by the facts admitted or found.

No facts are admitted or found showing that the plaintiff is under any contractual obligation to pay the balance on the conditional sale contract with interest and attorney's fees, or to make any payment of money to the defendant. The plaintiff was not a party to the conditional sale contract, and, so far as appears, has not agreed to assume any liability thereunder. There is no such express agreement and none can be implied from the plaintiff's purported purchase of the automobile or his taking possession thereof.

Nor do the facts admitted or found support the decree as an assessment of damages against the plaintiff for conversion of the automobile. According to the facts admitted or found, title to the automobile remained in the defendant, and, upon default of Newhall, the defendant had the right to immediate possession thereof. *Rowe Vending Machine Co. Inc.* v. *Morris,* 276 Mass. 274, 279. And the plaintiff's retention of the automobile after demand therefor by the defendant was such an exercise of dominion as amounted to a conversion. *Magee* v. *Scott,* 9 Cush. 148, 150. See *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357, 360–361, and cases cited. But no facts are admitted or found from which damages resulting from the conversion can be ascertained. The basis for the assessment of damages for conversion of a chattel is the value thereof at the time of the conversion. The nature of additions to and deductions from this amount depends upon whether or not the chattel has been returned to and accepted by the person entitled to possession thereof. *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357, 361. The value of the auto-

mobile at the time of the conversion cannot be inferred from the balance due under the conditional sale contract, as found by the master, or from any other facts found by him or admitted.

The defendant, however, is entitled to have the decree contain an order that the plaintiff deliver the automobile to it if Newhall does not pay the execution against him within the time fixed by the decree. Such an order is within the scope of the counterclaim since the counterclaim contains a specific prayer that "the plaintiff be ordered to turn over and deliver to the defendant the automobile" in question, and since there are allegations in the answer, either direct or by way of admission of the truth of allegations of the bill, of facts showing title to and right to immediate possession of the automobile in the defendant, possession thereof by the plaintiff and demand therefor by the defendant. And the facts so alleged are either found by the master or admitted by the parties. On these facts the defendant's right to possession of the automobile could be enforced in an action of replevin. *Sheehan & Egan, Inc.* v. *American Railway Express Co.* 274 Mass. 331, 334, and cases cited. But this right can be enforced also by way of a counterclaim set up in the present suit. Within the meaning of Rule 32 of the Superior Court (1932) this is a "counterclaim of a legal nature" against the plaintiff "arising out of the transaction which is the subject matter of the suit." See *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602. No question, however, is raised as to the pertinency of the counterclaim to the case stated in the bill. See *Pothier* v. *Doucette,* 276 Mass. 326, 332. And whether ordinarily an order for delivery of the automobile by the plaintiff to the defendant would be inconsistent with the establishment of a claim of the defendant against Newhall for the balance of the contract price and the issuance of an execution therefor, or whether ordinarily the prosecution of this suit by the defendant for the collection of the balance of the purchase price would constitute an election of remedy by the defendant (compare *Whiteside* v. *Brawley,* 152 Mass. 133, 134–135), precluding it from prose-

cuting the suit to obtain an order for the delivery of the automobile (see *Goullious* v. *Chipman*, 255 Mass. 623, and cases cited; see also *Commercial Credit Corp.* v. *Gould*, 275 Mass. 48, 54), need not be decided, in view of the express provisions of the conditional sale contract permitting the defendant, upon default by Newhall in the performance of the conditions thereof, to recover the balance of the contract price and also to take possession of the automobile. See *Bedard* v. *C. S. Ransom, Inc.* 241 Mass. 74.

No argument has been made in regard to the rights of redemption, if any, of Newhall or the plaintiff if the automobile is delivered to the defendant, and we make no decision on this point. See G. L. (Ter. Ed.) c. 255, § 11; *Desseau* v. *Holmes*, 187 Mass. 486. The decree entered, therefore, should be without prejudice to whatever rights of redemption either Newhall or the plaintiff may have. See *Rowe Vending Machine Co. Inc.* v. *Morris*, 276 Mass. 274, 281.

The final decree must be modified by striking out paragraphs 4, 5 and 6 thereof and inserting the following new paragraph: (4) That upon the failure of the defendant Allen B. Newhall to pay said execution within thirty days of the date of this decree the plaintiff Pasquale Colella deliver to the defendant Essex County Acceptance Corporation a Pierce Arrow Club Sedan, eight cylinder automobile, De Luxe Model, serial No. 2500953, engine No. 200534, without prejudice to whatever rights of redemption the plaintiff Pasquale Colella or the defendant Allen B. Newhall may have.

And as so modified the decree is affirmed.

*Ordered accordingly.*