## In re EUGENE LEBOEUF, Limited.

### No. 55929.

District Court, D. Massachusetts.

May 8, 1935.

Abraham Schoenfeld, of Springfield, Mass., for petitioning creditors.

Elwood A. Howe, of Boston, Mass., for bankrupt.

BREWSTER, District Judge.

The involuntary petition in the above-entitled matter comes before the court upon the referee's report recommending adjudication. I see no reason for disturbing the referee's findings of fact or his conclusions that the alleged bankrupt was insolvent, had committed an act of bankruptcy, and that the petitioners were creditors entitled to join in the petition.

The question is raised respecting the claim of the landlord, one of the petitioning creditors. The referee finds that this creditor gave a lease to an individual who later became president of the alleged bankrupt corporation. The terms of the lease provided that it could be assigned to the corporation without the consent of the lessor. Clearly the parties contemplated that the lease was taken in anticipation of the organization of the corporation. The corporation paid the rent from the time of this organization. At the time of the filing of the petition there was due for back rent $250 and this creditor also held a dis-

honored check for $100, making a total claim of $350. The referee was of the opinion that the facts of the case warranted the conclusion that there had been a substitution of the corporation as a tenant and as a party to the lease in place of the individual lessee named. Golding v. Brennan, 183 Mass. 286, 67 N. E. 239.

With this conclusion I concur.

■ The remaining question related to the amount of the claim of one Forer, a petitioning creditor. The question turns upon his claim for balance due upon the purchase price for an oil burner which the bankrupt had purchased from this creditor upon a contract of conditional sale, which provided that in case of default the conditional vendor could repossess the property, retain all installments paid as rental, and recover, as liquidated damages, the balance due on the notes given for the purchase price. Such provisions of the contract of conditional sale, although harsh, are valid and binding upon the vendee. Bedard v. C. S. Ransom, Inc., 241 Mass. 74, 134 N. E. 392, 25 A. L. R. 1488; Colella v. Essex County Acceptance Corp., 288 Mass. 221, 192 N. E. 622.

There was a default by the bankrupt. The property was repossessed by the vendor and sold. The balance due upon the unpaid notes, added to the established claims of the other petitioners, brings the amount well over $500.

It follows that the requirements of the Bankruptcy Act (11 USCA § 1 et seq.) for involuntary petition in bankruptcy have been fully met. Adjudication is ordered.