Putnam, C. J.
Unless St. 1935, C. 348, sec. 1, requires a different result it seems plain that the plaintiff is entitled to maintain this action so far as it is based on the promissory note executed by the defendant as part of this conditional sale, even though the plaintiff has repossessed itself of the truck and still has possession thereof. Bedard v. C. S. Ransom, Inc., 241 Mass. 74; Viking Automatic Sprinkler Co. v. Teele Soap Mfg. Co., 286 Mass. 13; A. & H. Finance Corp. v. Goldman, 293 Mass. 113.
St. 1935, C. 348, see. 1, inserted a new section, 13A, in that part of G. L. (Ter. Ed.) C. 235 which deals with con *522 ditional sales of personal property. It reads as follows:
“Section 13 A. No instrument evidencing a conditional sale of a motor vehicle shall be valid unless it contains a provision that, in case of repossession and sale of such vehicle for default in payment of any part of the purchase price, all sums paid on account of such price and any sum remaining from the proceeds of the sale of such repossessed vehicle after deducting the reasonable expenses of such sale shall be applied in reduction of such price”.
The conditional sale contract in the case at bar contains the provision called for by this statute. It also contains the following language:
“In the event of Buyer’s failure to pay any of his indebtedness when due . . . Seller . . . may declare the entire amount then unpaid due and payable forthwith and . . . may . . . take possession (of the vehicle) with or without legal process, and retain all payments made by Buyer and collect from Buyer the amount of the notes then unpaid, and the Seller may make such disposition of the property as Seller sees fit or may sell it . . . ”.
St. 1935, C. 348, sec. 1 deals with cases of “repossession and sale”. Its sole effect, as we view it, is to provide, in substance, that if a vehicle is sold after repossession the net proceeds of such sale shall be credited to the buyer. It does not even in its revised form (St. 1939, O. 509, sec. 1, which does not apply to the case at bar because it was not in effect at the time the contract was made) undertake to say that there must be a sale after repossession, nor does it require, even by implication, that in the case of repossession and retention by the seller there must be a credit to the buyer of the fair value of the vehicle. It does not attempt to regulate or limit the powers of sellers and buyers to contract with respect to anything other than the net proceeds of a sale after repossession. It has long been *523 settled that parties, if they choose to do so, may make hard bargains. Here the parties have agreed that, on default, the seller may take back the vehicle and either sell it or dispose of it as he may see fit, which includes keeping it. The case falls squarely within the doctrine of the cases above cited, and St. 1935, C. 348 does not operate to take it out.
The facts material to the question of liability have all been found by the trial judge and are set out in full in the report. There is no occasion for a new trial. The ascertained facts, including the terms of the contract, do not however enable this division to compute the plaintiff’s damages, because neither the date of default nor the date on which the seller declared “the entire amount then unpaid due and payable” appears in the report. Consequently this division is not in a position to figure the interest.
The finding for the defendant on Count 2 of the declaration, concerning repairs to the truck, is to stand.
The finding for the defendant on Count 1 is reversed, and the case is to stand for the assessment of damages under Count 1 only. So ordered.