SHIRK OIL COMPANY, a Corporation,
Appellant,

v.

Millard LINSLEY, Appellee.

No. 53331.

Supreme Court of Iowa.

April 8, 1969.

Robert J. Pattee and Kenneth E. Wright, Independence, for appellant.

Hubert J. Swift, of Swift & Swift, Manchester, for appellee.

MASON, Justice.

This is a law action tried to the court to recover balance due on a promissory note given by Millard Linsley to plaintiff Shirk Oil Company for the agreed price of an inventory of merchandise and equipment purchased by him under a conditional sales contract. Defendant asserted as an affirmative defense failure of consideration and estoppel by reason of plaintiff's repossession and sale of the property without his consent; that its election to retake the property constituted a waiver of any right to a deficiency judgment for the unpaid balance of the note. The question was whether the secured party may repossess items of inventory on the debtor's default and recover the value of items which could not be repossessed because they had been sold by the debtor.

The trial court dismissed plaintiff's petition on the ground it elected the contractual alternative of repossessing the property upon the purchaser's default and this constituted an election which precluded it from recovering the balance due from defendant.

Plaintiff's appeal challenges the correctness of this ruling.

■ I. This being a law action tried to the court, it is reviewable on errors assigned and is not triable de novo here. Rule 334, Rules of Civil Procedure. Thus, the findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. Further, we must construe the evidence in the light most favorable to the trial court's judgment, and this court will not weigh the evidence or pass on the credibility of witnesses. Naxera v. Wathan, 261 Iowa ——, ——, 159 N.W.2d 513, 516, and citations.

■ However, the rule does not exclude inquiry into the question whether, conceding the truth of a finding of fact, the trial court applied erroneous rules of law which materially affect the decision. Alsco Iowa, Inc. v. Jackson, 254 Iowa 837, 840, 118 N.W.2d 565, 567; France v. Benter, 256 Iowa 534, 536, 128 N.W.2d 268, 270.

■ The Uniform Commercial Code as adopted in Iowa became effective July 4, 1966. It does not govern transactions entered into before this effective date. Section 554.10101, Code, 1966.

II. The evidence, largely undisputed, indicates that about the first of January 1965 plaintiff sold the inventory of merchandise and equipment of a Texaco service station in Independence to Linsley for $3600. This was reduced to writing by the taking of an inventory of the merchandise and equipment (plaintiff's exhibit "A") and execution of a conditional sales contract (plaintiff's exhibit "B") under which title to the property remained in the seller until the entire purchase price with interest was paid.

After making $100 payments March 2, April 1 and May 4, defendant Linsley made no further payments. About July 13 plaintiff informed defendant he was in default and repossessed the remaining merchandise and equipment. Another inventory was taken at that time (plaintiff's exhibit "C"). Plaintiff then gave defendant credit on the note for $1960.75 which it determined by the inventory to be the fair value of the property repossessed. On January 10, 1966, plaintiff brought this action to recover the balance it determined to be due under the contract with interest and costs, including reasonable attorney fees as provided in the promissory note provisions of plaintiff's exhibit "B".

The court incorporated plaintiff's exhibits "A", "B" and "C" into its findings of fact.

The court concluded that under the contract and Iowa law plaintiff-vendor may treat the equipment as passing to the vendee and may sue for the total balance due under the conditional sales contract. In this event plaintiff would secure a judgment for the total unpaid balance due under the contract and would then have the right to attempt to satisfy this judgment by proceedings relating to executions under chapter 626, Code, 1966.

Plaintiff, on the other hand, according to the court, may follow the agreement exhibit "B" and "take immediate possession of said property without legal process, * * * and all payments made thereon shall be retained by the seller as rental or compensation for the use of said property * * *."

The court held that in absence of a contractual provision the procedure followed by plaintiff whereby it repossessed the property upon defendant's default and gave him credit for the value of the property repossessed and sued for the deficiency is not available to it. It reasoned that plaintiff's course of action in repossessing the property upon the purchaser's default under the contractual alternative constituted an election of remedies which now precludes it from following the first alternative of suing for the balance due under the conditional sales contract.

III. The trial court and defendant rely on McNabb v. Bunting, 207 Iowa 1300, 224 N.W. 506. There plaintiff sought to recover on a note given for the purchase price of a Ford sedan which was immediately delivered and used by defendant for several months when it was returned to the seller who disposed of it for $350. The proceeds of the sale were credited on the note. The note provided "the express condition of the sale and purchase of said property is such that the title, ownership or possession does not pass from the said Albert McNabb until this note, interest and collection expense, is paid in full and the said Albert McNabb or its

agent had full power to declare this note due and take possession of said property when he deems himself insecure, even before the maturity of this note. * * *."

The conditional vendee asserted an affirmative defense similar to the one here. Plaintiff alleged in reply defendant had voluntarily offered to return the automobile to him with the oral request that plaintiff sell it and credit the buyer with the proceeds of the sale on his note and it was with this understanding plaintiff accepted possession of the automobile.

The court instructed the jury that plaintiff might retake possession of the sedan on the buyer's failure to make the stipulated payments without his consent and hold possession thereof as security for the payment of the purchase price, but he did not have the right, unless the buyer requested him to do so, to dispose of the sedan and also recover the purchase price thereof.

The correctness of this instruction was the only question presented for review.

In affirming the trial court we said:

"It is the general rule, well settled in many jurisdictions, that the seller of personal property under conditional sale may, upon default on the part of the purchaser to make the required payments, either retake the property or treat the sale as absolute and recover the purchase price, but the adoption of one remedy is a waiver of the other. Estrich on Installment Sales, section 313, and the long list of cases cited in the margin. The doctrine has not been so clearly enunciated by the decisions of this court, but has been recognized in various forms, and is the rule in this state. * * * [Citing authorities].

"The remedies are clearly and necessarily inconsistent. Having retaken possession of the automobile and sold it, the appellant cannot now recover of appellee any part of the purchase price. This is the theory upon which appellant really tried the case. The averments of the reply were intended to avoid the general rule. The instructions

fully met the issues tendered and correctly stated the law in so far as it related to, or bore upon, the rights of the parties as disclosed by the record." loc. cit. pages 302–303 of 207 Iowa, page 507 of 224 N.W.

Absent statutory or contractual modification, the common law rule as announced in McNabb v. Bunting, that a conditional seller of goods who repossesses the property and sells or appropriates it for his own use may not thereafter recover the unpaid purchase money, is followed by a substantial number of jurisdictions. 3 Williston on Sales, (Rev.Ed.), section 579b; 78 C.J.S. Sales § 600; 47 Am.Jur., Sales, section 896; and 49 A.L.R.2d 15, 66. The rationale for this position is that election to repossess and resell the property rescinds the contract. Thereafter, any attempt to recover the purchase price lacks consideration and is inconsistent with the repossession.

Stated in other words, the theory is "that a suit for the purchase price is founded on the promise of the vendee to pay, which in turn is supported by the promise of the vendor to pass the title; suit for the price may be entertained, therefore, only on the assumption that title is being passed to the vendee. Since the right of the vendor to repossess on default of the buyer is predicated upon his retention of title, the theoretical passing of title upon suit for the purchase price appears to make inconsistent any subsequent attempt to retake, in case the vendor fails to recover the price. Conversely, * * * actual recovery of the property by the vendor prevents any subsequent passing of the title to the vendee and removes all right of the vendor to recover the price." Note, Remedies Under Chattel Mortgage and Conditional Sales Contracts in Iowa, 20 Iowa L.Rev. 800, 801–802.

Exhibit "B" does not contain the special provision that in the event of the seller's repossession and resale of the property the buyer agrees to pay any deficiency that may then exist. Nor did we then have any statutory provision authorizing the seller's recovery of the deficiency as provided in Uniform Conditional Sales Act, section 22. See 3 Williston on Sales, Appendix C. For transactions entered into on and after July 4, 1966, see Code sections 554.9501(1), 554.9502(2) and 554.9504(2).

IV. Although recognizing that McNabb v. Bunting, supra, is controlling in a situation where all property comprising the original transaction is repossessed, plaintiff contends the rule has no application here since only *some* of the property was repossessed. For that portion not repossessed there has been no election of remedies and it should be allowed to recover on the seller's obligation to pay the agreed price after crediting the fair value of the property repossessed. In support plaintiff cites Lindsay Bros. Co. v. Montgomery, 68 Mont. 294, 216 P. 795, 37 A.L.R. 96; Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 112 So. 428; Moffett Bros. & Andrews Commission Co. v. Kent (Mo.); 5 S.W.2d 395; and Farmers State Bank of Cameron v. Garrison (Mo. Ct.App.), 344 S.W.2d 323.

Lindsay Bros. Co. v. Montgomery, supra, involved suit on a promissory note executed by defendants in part settlement for various farm implements purchased from plaintiff under a conditional sales contract. Defendants interposed a defense of want of consideration. The note sued on was one of four given in settlement for 21 plows, 150 disc blades and other machinery consigned to defendants under the contract whereby title and right of possession of the goods were to remain with plaintiff until fully paid for. When the notes were not paid plaintiff instituted an action to recover a *portion* of the property, 14 plows, consigned to defendants which they had not disposed of in the regular course of business. Thereafter plaintiff gave defendants credit on the three notes for the value of the property it received and instituted the present action on the remaining note.

Plaintiff appealed from an adverse judgment. In reversing the trial court, the Court said at 796 of 216 P.:

"There is no rescission of the contract; plaintiff merely insisting on its right of recovery thereon. It is admitted defendants bought and received the goods sold to them by plaintiff, that the note in suit was executed in payment thereof, no part of it has been paid, and defendants have sold and retained a portion of the property consigned to them by plaintiff. Had defendants shown that plaintiff rescinded the contract of sale and wrongfully took possession of all the property sold as alleged in their answer, there would be merit in defendants' contention. It would be a manifest injustice to permit defendants to escape payment of their just and admittedly due indebtedness upon any such flimsy pretext. The absurdity of defendants' position is conclusively demonstrable upon its mere statement, insisting, as they do, upon their right to retain a portion of the goods consigned to them by plaintiff, and avoid the payment therefor simply because some of the property sold and delivered to them by plaintiff in consequence of defendants' default in payment has been retaken and applied upon defendants' indebtedness; a unique and unheard-of method of liquidating such an obligation. To us it appears too plain to require further discussion or citation of authorities that a sufficient consideration existed for the execution of the note (section 7503, Rev.Codes 1921), and that defendants are liable for payment thereof."

Emerson-Brantingham Implement Co. v. Arrington, supra, was an action on two promissory notes given for certain farm machinery sold by plaintiff to defendant under a conditional sales contract. When the notes were not paid plaintiff repossessed a substantial portion of the machinery still in defendant's possession and brought suit for the balance of the note. The matter came before the Alabama Supreme Court on appeal from the sustaining of demurrers to plaintiff's reply.

Defendant's plea presented the proposition that when a conditional vendor had exercised his right to repossession by taking from the vendee a part of the property sold to him, he elects to pursue that remedy in toto and loses the right to recover, not merely the whole of the purchase price, but even such part thereof as recovered by that part of the property which had been reclaimed.

In reversing and remanding the judgment of non-suit the court stated "that, in retaking possession of any material part of the machinery sold, the plaintiff rescinded the entire contract of sale, thereby canceling the consideration which supported the obligation to pay either the note or the purchase price due on the account, and so lost the right to have any recovery thereon, either total or partial; provided that it is made to appear, by appropriate allegation in the plea, that the residue of the machinery was still in the possession of the vendee. If the vendee had sold any parts of the machinery, that of course effected a severance of that part of the account; and for the invoice price of that part an action could be maintained, notwithstanding the vendor's repossession of the other part." loc. cit. 431 of 112 So.

The remaining cases cited by plaintiff, Moffett Bros. & Andrews Commission Co. v. Kent and Farmers State Bank of Cameron v. Garrison, both supra, involved chattel mortgages where the mortgagee consented to a sale of the property recovered by the mortgagor. Neither case helps plaintiff here.

In Viking Automatic Sprinkler Co. v. Teele Soap Mfg. Co., 286 Mass. 13, 189 N.E. 814, the conditional vendor of automatic sprinkling equipment, after breach of condition, endeavored to repossess the equipment. It was opposed by the vendee and the vendor was unsuccessful in repossessing more than a part. "The contract provided that on failure of the conditional vendee to make payments as and when they became due, or fully to comply with the

terms of agreement, the vendor might 'exercise any one or more of all of the following rights: (a) Enter the above described premises and remove the Equipment or any part or parts thereof; (b) Declare the full amount of unpaid installments to be immediately due and payable and to collect the same by suit or otherwise, with its expenses, including reasonable attorneys' fees; (c) To take such other action as the Contractor may deem advisable to enforce its rights hereunder.' "

In overruling defendant's exceptions to judgment for plaintiff, the Massachusetts Court held that on buyer's failure to make payments according to the contract, seller could repossess parts of equipment and bring suit on unpaid notes against buyer who continued to use remaining equipment as against contention that consideration for notes failed on repossession. The Court felt no hardship to the vendee, in possession of much of the equipment, appeared.

Other than the Montana, Alabama and Massachusetts cases, supra, we have been unable to find any others where the facts indicate there has been only a partial repossession and claim is made for a deficiency by the conditional vendor unless the buyer has repudiated the contract, abandoned the goods or in some other way manifested an intention not to fulfill his contractual obligation. Such contention was not argued in the trial court or this court.

In considering the question here we have eliminated those cases involving chattel mortgages since "results reached as between the parties have in many jurisdictions differed under conditional sales and chattel mortgages." 20 Iowa L.Rev., supra, at 800 and those where the conditional sales contracts contain the special provision agreeing to pay any deficiency that might exist after repossession and resale of the property.

V. The purpose of applying the doctrine of election of remedies to a situation involving a conditional sales contract is to prevent the seller's obtaining both the property and the price, while the defaulting party suffers a forfeiture. Kreisa v. Stoddard, 127 Cal.App.2d 627, 274 P.2d 164, 167.

Defendant expressly promised to pay the purchase price of the property conditionally sold. This created a personal debt. By utilizing the conditional sales contract both parties, in contemplation of the law, agreed that the seller had the right to repossess the property upon the buyer's default but this did not eliminate defendant's personal obligation to pay the debt which he had contracted to pay. Although reclaiming possession seems generally regarded as an election to rescind and it seems probable that it is in most cases a correct inference from the reclaiming of possession by the seller that he intended to terminate the buyer's interest in the goods, it does not follow that this involves a termination of the buyer's obligation to pay the price.

"If the terms of the bargain alone were to be considered, the exercise by the seller of his right to reclaim the goods would not debar him from recovering the full price. The only reason for denying him so broad a right is the equitable principle which forbids a forfeiture; and this should go no further than to limit his recovery to his actual injury." 5 Williston on Contracts, Third Ed., (By Jaeger), section 736.

Here plaintiff seeks only the price of those goods he was unable to repossess because they had been sold by the buyer. Allowing him to recover the price of goods he was unable to repossess does not result in a double recovery, whereas denial of recovery for the unpaid balance of the price remaining after the proceeds of the resale have been applied thereon and credit given for payments made on the contract deprives the vendor of his bargain.

We agree with plaintiff's contention that under these factual circumstances the rule in McNabb v. Bunting, supra, and those

cases in accord does not apply here. The logical basis for the application of the doctrine of election of remedies in cases of conditional sales is lacking.

For entry of judgment in favor of plaintiff not inconsistent with this opinion the case is

Reversed and remanded.

All Justices concur.